(54 App. Div. 238.)

### JARCHOVER v. DRY-DOCK, E. B. & B. R. CO.

(Supreme Court, Appellate Division, First Department. November 9, 1900.)

1. APPEAL—REVIEW—GRANT OF NEW TRIAL.

The action of a trial court in granting a new trial on the ground that the verdict was against the weight of the evidence will not be interfered with on appeal, where it can be seen that, because of the preponderance of the evidence in behalf of the person defeated on the trial, there may have been grounds for the belief that the jury reached their verdict through prejudice, partiality, mistake, or corruption.

2. NEW TRIAL—VERDICT AGAINST WEIGHT OF THE EVIDENCE.

Where, in an action against a street-railway company for personal injuries sustained by being struck by a car operated by defendant company, the contentions of plaintiff and defendant as to the manner in which the accident happened are conflicting, and each supported by evidence of several witnesses, a verdict for defendant cannot be set aside unless it is plainly to be seen that the preponderance of the evidence in favor of plaintiff was so great that the jury could not properly come to the conclusion reached.

3. SAME—GROUNDS.

A motion for a new trial on the minutes, under Code Civ. Proc. § 999, providing that the trial court may, at his discretion, entertain such a motion for the·purpose of setting aside a verdict or obtaining a new trial on exceptions, or because the verdict is for excessive or insufficient damages or contrary to the law or evidence, cannot be granted unless the grounds thereof are apparent on the minutes.

4. SAME—PREJUDICE OF JURY.

A motion for a new trial on the minutes, under Code Civ. Proc. § 999, cannot be granted on the ground that the jury was prejudiced against the witnesses of plaintiff because of their nationality, where from the minutes it appears that no criticism of the witnesses was made on·that ground during their examination; that nothing in that regard occurred during the summing up, to which exceptions were taken; and that there was nothing in the charge of the trial justice except such as would be likely to dissipate any prejudice the jury might have, if such prejudice existed.

Appeal from special term, New York county.

Action by Abraham Jarchover, an infant, by guardian, against the Dry-Dock, East Broadway & Battery Railroad Company. From an order setting aside the verdict of the jury and awarding a new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Henry L. Scheuerman, for appellant.
Charles Stockler, for respondent.

RUMSEY, J. The action was brought to recover damages suffered by the plaintiff because of the negligence of the defendant's employés. At the trial the defendant had a verdict. A motion for a new trial was.made upon the minutes of the court, which was granted, and from the order granting it this appeal is taken. The motion was made upon the various grounds enumerated in section 999, Code Civ. Proc., and is sought to be sustained in this court for the reason that it was against the weight of the evidence, and that it was apparent that the jury was prejudiced against the plaintiff because of his nationality. A motion for a new trial because the

verdict is against the weight of the evidence is addressed largely to the discretion of the court before whom the trial was had, and that discretion will not be lightly interfered with, if it can be seen that, because of the preponderance of the evidence in behalf of the person defeated on the trial, there may have been ground for the belief that the jury reached their verdict through prejudice, partiality, mistake, or corruption. But upon this appeal we are called upon to review their discretion, and in so doing we must examine the testimony, to enable us to say whether the conclusion reached by the trial judge as to the preponderance of the evidence was or might have been justified.

The accident occurred while a horse car of the defendant was going through Essex street, in the city of New York, on the 7th of August, 1897. The plaintiff was a child about 2 years and 8 months old. It was claimed on his behalf that the driver of the car was talking with a friend standing by him on the front platform of the car, and, although his horses were going rapidly, he was not watching the track in front of him, and that if he had been he must have seen the little child on the track in time to have stopped his car and not have run over him. The defendant claims that the horses were going slowly, and that the child was pushed against the dashboard or the horses in such a way that it was beyond the power of the driver to prevent running over the child after it fell against the car. Several witnesses were examined in behalf of each party. Some of them were entirely disinterested, and it was clearly a case where it was for the jury to say which of the two accounts was to be believed, and to decide the disputed question of fact. The plaintiff had the burden of proof to establish, not only negligence, but lack of contributory negligence, and this he was bound to do by a preponderance of the evidence upon each point. To give him a verdict, therefore, the jury must have been satisfied that his evidence was more to be relied upon than that of the defendant, whereas, to sustain a verdict for the defendant, it was simply necessary for the jury to say that upon the whole case they did not think the preponderance of proof was in favor of the plaintiff. In such a case the court is not justified in setting aside a verdict, as against the weight of the evidence, unless it is plainly to be seen that the preponderance in favor of the plaintiff was so great that the jury could come to no other conclusion than that reached; and a conclusion of the jury against the plaintiff is not to be overthrown if there can be any question as to where the preponderance of the proof was.

It is sought to sustain this order, also, for the reason that the jury were so prejudiced against the witnesses of the plaintiff, because of their nationality, that they did not give proper weight to their testimony. A motion for a new trial upon the minutes of the court is only permitted by virtue of the provisions of section 999, Code Civ. Proc. Before the existence of the Code it was unknown. It can only be made, therefore, for the reasons specified in that section. Irregularity on the part of the jury is not one of the reasons, and therefore there is great doubt whether such a motion could be made upon that ground; but, passing that question, it is certain

that no application for a new trial upon that ground can be made unless something appears in the minutes of the court from which it can be fairly inferred that the jury were prejudiced against the witnesses of the plaintiff. There is nothing of the kind in this case. No criticism of the witnesses, based upon that ground, seems to have been made during their examination. We are not advised that anything occurred in that regard during the summing up to which exception was taken; and all that can be found is in the charge of the learned trial justice to the jury, which, so far from prejudicing the jury, was more likely to dissipate their prejudice, if any existed, which does not appear. The motion cannot, therefore, be sustained upon any such ground, for no fact can be found in the minutes supporting it.

For these reasons the order must be reversed, with $10 costs and disbursements, and a new trial denied, with $10 costs. All concur.