ple ex rel. Huber v. Feitner, 71 App. Div. 479, 75 N. Y. Supp. 738, and authorities cited, affirmed on opinion below 171 N. Y. 683, 64 N. E. 1124.

(107 App. Div. 254.)

GROGAN v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. July 27, 1905.)

1. APPEAL—CONTENTIONS AVAILABLE—QUESTIONS NOT URGED BELOW.

Where plaintiff declined to join in defendant's motion for a directed verdict, and expressly requested to go to the jury, he could not contend on appeal that the case should have been disposed of as one of law.

[Ed. Note.—For cases in point, see vol. 3, Cent. Dig. Appeal and Error, §§ 3604, 3605.]

2. CARRIERS—INJURIES TO PASSENGERS—NEGLIGENCE—QUESTIONS FOR JURY.

In an action against a street railroad for injuries to a passenger, sustained by being kicked in the face by another passenger who was entering the car through the window, where there was evidence that at the station where the accident occurred people had frequently gained ingress to cars during rush hours by climbing through the windows, without the railroad having taken any measure to prevent the practice, but defendant's employés testified that they had never heard of an accident from that cause previous to the injury to plaintiff, the questions whether the practice was so common that defendant knew or should have known of it, and, if so, whether it should have foreseen the likelihood of injury to passengers, were for the jury.

3. APPEAL—DISCRETION OF TRIAL COURT—SETTING ASIDE VERDICT.

Appellate courts exercise great caution in interfering with orders of trial courts setting aside verdicts as against the weight of the evidence.

[Ed. Note.—For cases in point, see vol. 3, Cent. Dig. Appeal and Error, § 3871.]

4. NEW TRIAL—SETTING ASIDE VERDICT.

Where a question involving inferences from undisputed evidence is submitted to the jury, and the inference adopted by the jury is fairly warranted by the evidence, the fact that the trial justice thinks that the jury drew the wrong inference does not warrant him in setting aside the verdict as against the weight of the evidence.

[Ed. Note.—For cases in point, see vol. 37, Cent. Dig. New Trial, §§ 144, 145, 148.]

Appeal from Trial Term, Orange County.

Action by Stephen H. Grogan against the Brooklyn Heights Railroad Company. Verdict for defendant. From an order granting a new trial, it appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, RICH, and MILLER, JJ.

I. R. Oeland, for appellant.
Sanders Shanks, for respondent.

MILLER, J. The plaintiff was a passenger of the defendant, seated in one of its cars. A person undertaking to enter the car through the window, in some manner undisclosed by the record, kicked the plaintiff in the face, breaking his nose. It appeared that, at the station where the accident occurred, during rush hours, people had frequently gained ingress to the cars by climbing through the windows, and it does not appear that the defendant

took any measures to prevent the practice. One witness, an employé of the defendant, called by it, testified that he had seen people climbing in through the windows four or five times during the six months prior to the accident. The other employés at this station testified that they had never seen or heard of any one doing it. All testified that they had never heard of an accident from that cause.

At the close of the evidence the defendant moved for a direction of a verdict, whereupon the court asked the plaintiff's counsel if he joined in the motion, to which he replied: "I should prefer to go to the jury." The case was submitted to the jury in a charge free from error, to which no exception was taken. Two questions were submitted to the jury: First, whether the practice was so common that the defendant either knew, or in the exercise of reasonable care should have known, of it; and, second, if the defendant knew, or should have known, of it, whether in the exercise of a reasonable degree of foresight it should have foreseen the likelihood of injury to passengers from such a way of ingress. Upon a verdict being rendered in favor of the defendant, the court set it aside as against the weight of evidence. From the order setting aside the verdict this appeal is taken. On a former appeal to this court from a judgment entered upon a nonsuit, the judgment was reversed, and it was held that a question of fact was presented for the jury. Grogan v. Brooklyn Heights R. R. Co., 97 App. Div. 413, 89 N. Y. Supp. 1027.

The respondent urges that the evidence establishes negligence as matter of law; but having declined to accept the invitation of the court to join in the motion for a direction of a verdict, and having expressly requested to go to the jury, he cannot now be heard to say that the case should have been disposed of as one of law, and in any view it is clear that the evidence did present the two questions of fact, which were clearly presented to the jury in the charge of the learned trial justice. Appellate courts properly exercise great caution in interfering with orders of the trial courts setting aside verdicts as against the weight of evidence, because the exercise of that power is frequently necessary to prevent injustice, and the trial court has the advantage of a personal observation of the witnesses to judge their credibility. In this case, however, there is no conflict in the testimony. The question is what inferences are to be drawn from the undisputed evidence, and the facts from which these inferences are to be drawn are contained in the record before us. The mere fact that the trial justice thought the jury drew the wrong inference did not warrant him in setting aside the verdict as against the weight of evidence, in case the inference adopted by the jury was fairly warranted by the evidence. Where the facts are undisputed, unless reasonable minds could draw different inferences therefrom, the question should be disposed of as one of law, and it would seem, therefore, that the submission of the question to the jury involved a determination that reasonable minds might differ on the question.

It is possible that a case could be conceived in which the court

might be justified in setting aside a verdict based upon inference to be drawn from undisputed evidence, but we think this is not such a case. Reasonable minds might easily differ as to whether an ordinarily prudent person, in the exercise of reasonable care, should have apprehended that injury was likely to result to some passenger from the custom disclosed in this case. The learned justice before whom the case was first tried thought that there was not even a question for a jury and nonsuited the plaintiff. Twelve jurors, who were probably not predisposed to favor the defendant, have said that the evidence does not warrant the inference of negligence. Unless the judgment of the court is to be substituted for that of the jury, the verdict of the jury should be permitted to stand. The plaintiff had an opportunity to take the judgment of the court; but, having determined to take his chances with the jury in a case which must be disposed of upon evidence from which reasonable men would be as likely to draw one inference as the other, he should be content with the verdict thus rendered.

The order should be reversed, and the verdict reinstated, with costs.

BARTLETT and WOODWARD, JJ., concur. HIRSCHBERG, P. J., and RICH, J., vote for modification of the order by requiring the plaintiff to pay within 20 days the costs of the trial and all disbursements in the action to the date of the order, and, as modified, for affirmance, without costs, upon the opinion of Dickey, J., at Trial Term.

<hr>