### VIELE v. MACK PAVING & CONSTRUCTION CO.

(Supreme Court, Appellate Division, Second Department. May 1, 1912.)

1. EXPLOSIVES (§ 12*)—INJURIES FROM BLASTING—PUBLIC WORKS—NEGLIGENCE.

Where plaintiff's house was injured by blasting necessarily done by contractors on public work, plaintiff could not recover, in the absence of proof that the blasting was negligently done.

[Ed. Note.—For other cases, see Explosives, Cent. Dig. §§ 9, 10; Dec. Dig. § 12;* Negligence, Cent. Dig. § 32.]

2. APPEAL AND ERROR (§ 237*)—OBJECTIONS BELOW—DIRECTION OF VERDICT.

Where plaintiff recognized the right of the jury to pass on the evidence by failing to move for a directed verdict, he cannot complain, unless the verdict, was clearly against the weight of the evidence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1302½; Dec. Dig. § 237.*]

3. EXPLOSIVES (§ 12*)—INJURIES FROM BLASTING—ACTIONS—EVIDENCE.

In an action to recover damages caused by blasting done by a contractor doing public work, evidence *held* insufficient to show that the blasting was negligently done.

[Ed. Note.—For other cases, see Explosives, Cent. Dig. §§ 9, 10; Dec. Dig. § 12.*]

4. EVIDENCE (§ 598*)—PREPONDERANCE OF EVIDENCE.

In an action for damages by blasting, plaintiff is not entitled to recover unless the jury is satisfied that his evidence is more to be relied on than that of defendant, while defendant is entitled to a verdict if the preponderance of proof is not in favor of the plaintiff.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2450–2452; Dec. Dig. § 598.*]

Appeal from Special Term, Westchester County.

Action by John J. Viele against the Mack Paving & Construction Company. From an order granting plaintiff's motion to set aside a

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

verdict for defendant, defendant appeals. Order reversed, and verdict reinstated.

See, also, 144 App. Div. 694, 129 N. Y. Supp. 604.

Argued before JENKS, P. J., and HIRSCHBERG, WOODWARD, BURR, and RICH, JJ.

Thomas H. Low, of New York City (Frank E. Clarke, on the brief), for appellant.

F. Warren Wright, of New York City (Fred Francis Weiss, on the brief), for respondent.

BURR, J. Defendant was engaged as contractor in building the Bronx Valley sewer. In the performance of that work it became necessary to remove a large amount of rock. This was accomplished by blasting. Concussion accompanied the firing of the blasts, and some of the windows in plaintiff's house were broken, and the walls and ceilings cracked. This action is brought to recover the damages resulting from such injury.

[1] It was conceded by plaintiff's experts that there was no other practical method of doing the work except to use explosives. Therefore, to maintain the action, it was incumbent upon plaintiff to establish that the blasting was negligently done. Hall Sons' Co. v. Sundstrom & Stratton Co., 138 App. Div. 548, 123 N. Y. Supp. 390. Upon a previous appeal from a judgment entered upon a verdict in plaintiff's favor, we thought that he had failed to establish this, and that defendant's motions for a nonsuit, made at the close of plaintiff's case and renewed at the close of the entire case, should have been granted. Viele v. Mack Paving & Construction Co., 144 App. Div. 694, 129 N. Y. Supp. 604. In the opinion then delivered, written by Mr. Justice Rich and concurred in by the entire court, it was said:

"It was incumbent upon the plaintiff to give some evidence tending to show that the suggested changes of method would have resulted in lessened vibration and concussion and would not have damaged the house; that they were practical, and that they were not adopted by the defendant."

Upon the second trial the case was again submitted to the jury, who found a verdict for the defendant, which verdict the learned trial judge set aside, and from the order entered on such decision and granting a new trial this appeal is taken.

[2] As he failed to move the court to direct a verdict in his favor, plaintiff must have supposed the evidence presented a question for the jury as to the liability of the defendant. Mieuli v. New York & Queens County Ry. Co., 136 App. Div. 373, 120 N. Y. Supp. 1078. Having determined to take his chances with the jury, he should be content with the verdict rendered, unless clearly against the weight of the evidence, since he urges no exceptions. Grogan v. Brooklyn Heights R. R. Co., 107 App. Div. 254, 95 N. Y. Supp. 23.

[3] We do not think that plaintiff's case was substantially strengthened upon the second trial. There was some evidence that nearly two months after the date when plaintiff's house was injured, at a place quite remote therefrom and under conditions not shown to be similar, a blast was discharged which caused no immediate damage.

Although this blast was exploded substantially in the manner recommended by plaintiff's expert, the different conditions existing afforded no basis from which a jury could find that the suggested change of method would have resulted in lessened concussion and vibration to plaintiff's house.

Upon the question of practicality, only one witness was called for the plaintiff whose testimony could be said to be worthy of consideration. He did testify that equally good results would follow the adoption of a method proposed by him which was different from that employed by the defendant, and that he had "an idea" that it would cost less than such method. He admitted, however, that on the former trial he had testified that his method would be more costly, and, although he had changed his opinion since then, he had not figured out the relative cost of the two methods, except that he had made "mental notes only." Such testimony given under such circumstances is of little probative force. Several witnesses called for the defendant testified that the method suggested by plaintiff's expert, not only would not substantially reduce the concussion, but that it would be more expensive than that actually used. One witness testified that the additional cost would be from 25 per cent. to 40 per cent. greater, which cost would be in effect prohibitive. If, upon the evidence here presented, plaintiff was entitled to have the case submitted to the jury, the verdict in defendant's favor should not have been set aside.

[4] Plaintiff and defendant occupy different positions in actions of this character. To give to plaintiff a verdict, the jury must have been satisfied that his evidence was more to be relied upon than that of defendant; whereas, to sustain a verdict for the defendant, it was simply necessary for the jury to say that upon the whole case they did not think the preponderance of proof was in favor of the plaintiff. Jarchover v. Dry Dock, E. B. & B. R. R. Co., 54 App. Div. 238, 66 N. Y. Supp. 575. The jury were fully justified in the conclusion reached by them.

The order setting aside the verdict and granting a new trial should be reversed, and the verdict reinstated, with costs. All concur.