### GEORGE C. FLINT CO. v. MALEVINSKY.

(Supreme Court, Appellate Term, First Department. November 8, 1912.)

TRIAL (§ 173*)—DIRECTING VERDICT—TIME OF MOTION.

     While the court may reserve its decision on plaintiff's motion to set aside the verdict, and afterwards set it aside, it cannot grant plaintiff's motion, made for the first time after verdict, for direction of a verdict in its favor.

     [Ed. Note.—For other cases, see Trial, Cent. Dig. § 397; Dec. Dig. § 173.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by the George C. Flint Company against Moses L. Malevinsky. From a judgment entered by direction of the court in plaintiff's favor, defendant appeals. Reversed, and new trial ordered.

Argued October term, 1912, before SEABURY, GUY, and BIJUR, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Dennis F. O'Brien and M. L. Malevinsky, both of New York City, for appellant.

Charles La Rue, of New York City, for respondent.

PER CURIAM. At the close of the trial in this case the defendant moved for a dismissal of the complaint. Upon this motion the court ruled as follows:

"I will reserve my decision, and I will allow the jury to pass upon the facts."

After the charge, the jury retired and rendered a verdict for the defendant. The plaintiff then moved to set aside the verdict, and, for the first time, also moved for a direction of a verdict in its favor. The court then said:

"I will reserve decision on the motion to set aside the verdict, and also on your motion to direct a verdict for the plaintiff. * * *"

The jury was thereupon discharged, and several days later the court below set aside the verdict of the jury and granted plaintiff's motion for the direction of a verdict in its favor, and directed that judgment be entered in favor of the plaintiff for the amount of its claim.

The plaintiff, having elected to take his chances with the jury, must be content with the verdict (Grogan v. Brooklyn Heights Railroad Co., 107 App. Div. 254, 95 N. Y. Supp. 23), and it should stand, unless it should be set aside by the trial justice upon proper grounds and for legal reasons. The court had a right to reserve its decision upon plaintiff's motion to set aside the verdict, and to subsequently make an order setting it aside; but, further than this, it could not go.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event.