CATHERINE MUNDAY, Plaintiff, *v.* NASSAU ELECTRIC RAILROAD COMPANY, Defendant.

(Supreme Court, Kings Trial Term, February, 1917.)

Verdict — when, should be set aside — difference between trial judge and jury as to verdict — evidence — motions and orders — Code Civ. Pro. § 999.

There being no standard by which to determine the question, a verdict should rarely be set aside, and should not merely because of a difference between the trial judge and the jury as to what the verdict should be.

The provision of section 999 of the Code of Civil Procedure that a verdict may be set aside when "contrary to evidence" is inclusive of all grounds upon which such action may be taken.

Where in an action for personal injuries plaintiff was not entitled to recover if the accident happened as testified to by defendant's witnesses, and plaintiff was the only witness on her side as to how it occurred, and none of the witnesses is discredited, a verdict in favor of plaintiff is not palpably wrong and justice does not require that it be set aside.

MOTION to set aside a verdict.

George D. Yeomans, for motion.

Aaron Benjamin, opposed.

CROPSEY, J.  The plaintiff has had a verdict.  A motion to set it aside was made on the ground that it was contrary to the evidence.  Plaintiff was the only witness on her side as to the manner in which the accident occurred.  The defendant called two passengers besides the crew of the car.  If the accident occurred in the manner in which these witnesses said it did the plaintiff could not recover.  If it happened the way the plaintiff said it did then the verdict was proper.  The jury believed the plaintiff.  Had the court been the decider of the facts it would have found a verdict for the defendant.  But is that a sufficient ground for setting the verdict aside?  From the reading of some of the decisions one would necessarily think that where the court did not agree with the jury's finding the verdict should be set aside.  There can seem to be no other basis for decisions such as that in *McManus* v. *Davitt,* 94 App. Div. 481, and others that could be cited.  In those an appellate court has set aside verdicts merely on printed records because in their opinion the character of the plaintiff who was the only witness to his claim and of the employee of the defendant who was the only witness opposed were equally good, and from this the court decides that the jury should not have disbelieved defendant's employee.  These cases entirely overlook and disregard the personal equation, that is, the appearance and manner of testifying of the different witnesses.  It cannot be possible that the correct and proper rule is that the verdict of the jury should be set aside just because the trial court would have decided differently, and much less true must this be in the case of an appellate court which does not see or hear the witnesses.  Such a rule would work a practical nullification of our jury system.  If no verdict could stand except one with

which the court agreed there would be no sense in having the jury at all. It would be far better to eliminate them and make the judge the trier of the facts, for that would be the ultimate effect under such a rule. Such a holding would also render absurd the rule that prohibits a judge from expressing his opinion on the facts on jury trials. If the jury had to find in accordance with the judge's opinion in order to have their verdict stand it must follow that it would be proper for the judge to let the jury have his views before they passed on the facts.

Such a rule is not in accordance with our practice nor with the theory of our law. Jury trials have been preserved for a real purpose and not merely as a matter of form. Their verdicts should be final except in rare instances. The mere fact that the trial justice does not agree with the jury does not justify the setting aside of the verdict. The real logical rule should be that verdicts could be set aside only when they were not rational. Chamberlayne Ev. §§ 307, 308; *Metropolitan R. Co.* v. *Wright,* L. R. (11 App. Cas.) 152. But the courts have gotten away from this rule in what is sometimes called " the interests of justice." It is not, however, necessarily in the interests of justice for the trial judge to set aside a verdict just because he would have found otherwise. It does not follow that his conclusion is the correct one. While the experience of the judge might make it more probable that in the average case he would decide the questions of fact more nearly in conformity to the truth than sometimes is done by juries, the reverse may be equally true, namely, that in some cases at least the jury may be better fitted to determine the truth of an issue than the trial court.

The authorities and reason alike agree that the mere

difference of judgment as to what the verdict should
be between the jury and the judge does not justify
setting a verdict aside. *Grogan* v. *Brooklyn Heights
R. R. Co.,* 107 App. Div. 254–256; *Reeve* v. *Dennett,*
137 Mass. 315–318. The reason why verdicts should
be set aside only in rare instances is stated in *McDon-
ald* v. *Metropolitan St. R. Co.,* 167 N. Y. 66, 69:
"There is no standard by which to determine when a
verdict may be thus set aside."

The only provision for setting aside verdicts is found
in section 999 of the Civil Code. That provides that
such action may be taken when the verdict is "contrary
to the evidence." As this section contains the only
provision it is inclusive of all the grounds upon which
such action may be taken. *Jarchover* v. *Dry Dock,
E. B. & B. R. R. Co.,* 54 App. Div. 238–240. The dis-
position seems to have been to give this phrase a
broad meaning, with the evident purpose of keeping a
control over the jury's verdict. With this disposition
this court is not in sympathy. It believes that verdicts
should be set aside only in exceptional situations, and
there is ample authority in support of this view.
Where reasonable men might differ as to the result
that should be reached the verdict cannot properly be
set aside. *Von der Born* v. *Schultz,* 104 App. Div. 94.
As was well said in *Cunningham* v. *Magoun,* 18 Pick.
13: "Where the question is purely matter of fact,
where there is evidence for the minds of the jury
actually and fairly to weigh and balance, where pre-
sumptions are to be raised and inferences drawn, and
the jury may be presumed fairly to have exercised
their judgment, a court will not feel at liberty to set
a verdict aside, although upon the same evidence they
would have decided the other way." There must be
more than a difference of opinion as to what the ver-

dict should be. It must be palpably wrong, that is, it must have been impossible to reach it upon any fair consideration of the evidence. *Jarchover* v. *Dry Dock, E. B. & B. R. R. Co.,* 54 App. Div. 238–240. It must indicate that the jury were influenced by prejudice, passion, or other improper motive. *Layman* v. *Anderson & Co.,* 4 App. Div. 124–127. Where there is a fair conflict in the proof and the credibility of the witnesses is to be determined the jury is supreme and its verdict should not be overturned. A verdict should not be set aside unless "the ends of justice would not be met by allowing it to stand." *Cox* v. *Halloran,* 82 App. Div. 639–640.

Applying these principles this motion is easily disposed of. While the trial court would not have rendered the verdict that was found, it knows that the jury was composed of men of intelligence and force of character, that there was nothing to arouse their passions or prejudices, that the plaintiff's evidence, if believed, justified the verdict that was rendered, and that the jurors have believed the plaintiff and not the witnesses called by the defendant. The verdict is not palpably wrong and justice does not require it to be set aside.

Should this case reach the appellate court it is not possible now (the testimony not having been transcribed) to know what impression it would make when it was read in cold type. But any lawyer who has had any experience in the trial of cases knows that often the witness who on the trial seems to be unreliable and untrustworthy appears to make the best showing when his personality is eliminated and type takes its place, while the reverse is often true of witnesses who are manifestly truthful and unquestionably honest. The appearance and the manner of the witnesses sometimes

more than what they say determine their credibility. This often is not reflected in the printed record. It cannot be. To decide merely on a reading of testimony that a verdict is contrary to the evidence (where there is a conflict in it) and so should be set aside would seem to be as likely to result in injustice as in anything else. The credibility of witnesses can seldom be so determined, but as appellate courts do make such decisions frequently it is fair and proper to state here that the plaintiff in the case at bar gave her testimony in a straightforward, frank and convincing manner and appeared to be truthful and honest, that there was nothing improbable in her story and that she was not discredited, and the same should be said of defendant's witnesses. The motion is denied.

Motion denied.