WILLIAM MEYERS, Respondent, *v.* WALKER D. HINES, Director-General of Railroads (Long Island Railroad), Appellant.

First Department, January 13, 1922.

Railroads — action for personal injuries sustained in boarding moving train — verdict for defendant not against weight of evidence — burden of proof — verdict for defendant should not be set aside as against weight of evidence where there is a question of credibility of witnesses unless verdict is clearly contrary to evidence.

Where in an action against a railroad to recover damages for personal injuries, the plaintiff was corroborated by several witnesses in his testimony that he was pushed by the crowd against the train and fell; but

the defendant produced witnesses who testified that the plaintiff attempted to board the moving train and fell, and it appears that the plaintiff's foot was caught between the contact shoe and the guard above it, the physical facts tend to corroborate the testimony of the defendant, and a verdict for the defendant should not have been set aside as against the weight of evidence.

In such an action the burden is upon the plaintiff to establish by a preponderance of the evidence the negligence of the defendant and his own freedom from contributory negligence.

The court is not justified in setting aside a verdict for the defendant as against the weight of evidence, unless it plainly appears that the preponderance in favor of the plaintiff is so great that the jury could not have reached their conclusion upon any fair interpretation of the evidence.

Where the right to a verdict depends upon the credibility of witnesses, and the testimony is not incredible or insufficient as a matter of law, the question of fact is for the jury, and their finding is conclusive.

APPEAL by the defendant, Walker D. Hines, from an order of the Supreme Court, made at the New York Trial Term and entered in the office of the clerk of the county of New York on the 7th day of June, 1920, granting plaintiff's motion to set aside the verdict of the jury and for a new trial made upon the minutes.

*Joseph F. Keany* [*Philip A. Brennan* of counsel; *Matthew J. Keany* with him on the brief], for the appellant.

*Feltenstein & Rosenstein* [*Moses Feltenstein* of counsel; *Harold R. Medina* with him on the brief], for the respondent.

PAGE, J.:

The action was to recover damages for personal injuries sustained by the plaintiff through the negligence of the defendant. The jury returned a verdict for the defendant, which was set aside as against the weight of the evidence. In an action of this character the burden is upon the plaintiff to establish by a preponderance of the evidence the negligence of the defendant and his own freedom from contributory negligence. In finding for the defendant the jury determine that the plaintiff has not sustained this burden. The court is not justified in setting aside a verdict for the defendant as against the weight of the evidence, unless it shall plainly appear that the preponderance in favor of the plaintiff is so great that the jury could not have reached their conclusion upon any fair interpretation of the evidence. When the right to

a verdict depends upon the credibility of witnesses, and the testimony is not incredible or insufficient as a matter of law, the question of fact is for the jury, and their finding is conclusive. (*Jarchover* v. *Dry Dock, E. B. & B. R. R. Co.*, 54 App. Div. 238; *Mieuli* v. *N. Y. & Queens County R. Co.*, 136 id. 373.)

The plaintiff testified that he was pushed by the crowd on the station platform against the side of the slowly-moving train and fell. In this he was corroborated by several witnesses. On the contrary, the defendant produced witnesses who testified that the plaintiff attempted to board the moving train and fell. The plaintiff's foot was caught between the contact shoe and a wooden guard above it and he was dragged fifteen or twenty feet. The physical facts would tend to corroborate the testimony of the defendant. The verdict for the defendant should not have been set aside.

The order will, therefore, be reversed, with costs to the appellant, and the verdict in favor of the defendant reinstated.

Clarke, P. J., Dowling, Smith and Greenbaum, JJ., concur.

Order reversed, with costs, and verdict reinstated.