MEYER E. COHEN, Plaintiff, *v.* J. ERNEST RICHARDS and Others, Defendants.

Supreme Court, Bronx County, June 27, 1932.

*David B. Williams*, for the plaintiff.

*Bondy & Schloss* [*Norman Schloss* of counsel], for the defendants.

COLLINS, J. This motion of the defendants to set aside the verdict of the jury in favor of the plaintiff, as against the weight of evidence, presents the frequently perplexing problem of the duty of the court respecting a verdict which does not accord with the conception of the trial judge. The spirit of the governing principle

is not difficult of ascertainment. It is the exercise of the power that creates the perplexity. In this case I perceived the probabilities as preponderating in defendants' favor. The defense impressed me as more plausible and credible than the affirmative claim. Were I the trier of the facts I would not hesitate to cast judgment for the defendants. But the jury deemed otherwise.

Motions of this character " depend　*　*　* upon the peculiar circumstances of each case " and " are addressed to the sound discretion of the court, and whether they should be granted or refused involves the inquiry whether substantial justice has been done, the court having in view solely the attainment of that end." (*Barrett* v. *Third Avenue Railroad Company*, 45 N. Y. 628, 632.) But where the jury are the judges of the facts when is the *court* to say that substantial justice has not been done? Whether the court should usurp the jury's province is often baffling when the court feels that it would have arrived at a different conclusion.

The court has no more right to void the finding of the jury because it does not conform to the court's conception of propriety than the jury has the right to disregard the instructions of the court because they entertain a different notion of the law. Each has a function. Each presides over a domain. And within their respective domains each is supreme. It does not follow of course that a faulty or improper jury verdict is irretrievable or beyond control. But with respect to issues of fact submitted to them for their determination, the office of a jury verdict is not merely to register the views of the court.

In this instance is the court warranted in substituting its conclusion for that of the jury?

The plaintiff asserts that on October 31, 1929 — a time of fluctuating values — he, as defendants-stockbrokers' customer, gave them five orders to sell, at then specified prices, certain stocks which the defendants were carrying for him on margin, and that although the stocks attained those prices the defendants neglected to execute the orders. The plaintiff's claim that he gave the orders was somewhat corroborated by the testimony of his wife. The defendants stoutly deny that such orders were placed. The simple issue of fact was thus presented whether the plaintiff lodged the orders. This issue of fact, simple though it appears, was obscured by the injection of a beclouding circumstance which defendants insist provoked the verdict against them. Such circumstance is the defendants' version that several days previous to the time the plaintiff insists he gave the order, the stocks had been sold, because insufficiently margined, and that such sale was authorized

by the margin card agreement entered into when the plaintiff became defendants' customer. When the plaintiff protested against the sale, the defendants, at a loss to them of approximately $3,000, reinstated some of the stocks, the plaintiff agreeing thereto. The defendants urge, with more than a modicum of plausibility, that the jury gained the impression that the plaintiff had been wrongly treated by the seemingly unwarranted sale of his stocks; that the defendants confessed their wrongdoing by the reinstatement, and that this apparent outrage, though not the basis of the present suit, so blinded or prejudiced the jury as to incite them to find for the plaintiff. Mindful that the incident of the sale and reinstatement might tend to influence the jury and dim the true issue, the jury were repeatedly cautioned that the sole question for their determination was whether the orders were given. The jury's verdict for the plaintiff is their response to this question.

The defendants' insistence that the verdict is against the fair weight of the evidence is predicated *inter alia* upon the following:

(1) That the day the plaintiff claims he placed his orders to sell the five stocks were down. Yet the plaintiff, with rare foresight, prophesied virtually to a fraction the gains these five stocks would make at the opening of the exchange. The defendants protest that such accurate marksmanship in the groping, feverish and unsettled days of October, 1929, is, to phrase it timidly, suspicious.

(2) That the defendants' records negative the plaintiff's claim, in that they contain no indication of the orders.

(3) Though plaintiff declares that the five orders were in his own handwriting, he admitted that previously his orders were usually written by defendants' customers' man, but that these particular orders were not written by the customers' man because he (the customers' man) had resigned or been discharged. The defendants' evidence tended to establish that this customers' man was present in their office on the day in question.

(4) That the plaintiff's recital on the stand evidences such studied rehearsal as to destroy its credibility.

(5) That on November 12, 1929 — subsequent to the date of the alleged orders to sell — the plaintiff directed the defendants to sell 100 shares of Standard Oil of New York, which shares formed a part of the reinstated group. This sale, the defendants point out, could not have been a short sale, because the plaintiff never covered, although he could have purchased to cover at a much lower figure.

(6) That the plaintiff's dealings with the defendants subsequent to the alleged violation of instructions dispel the charge of non-execution.

As observed, the argument of the defendants is impressive. It is cogent. But the same points were addressed to the jury. Their verdict indicates that they were not persuaded. The evidence clashed. The jury rejected the testimony produced by the defendants and accepted that of the plaintiff. The assumption is that the jury's verdict is grounded upon the evidence and the court's charge. (*Tatum* v. *Tatum*, 88 Misc. 674; *Weaver* v. *Scripture*, 125 id. 741, 746.)

As much as I sympathize with the defendants' position, I cannot conclude that the preponderance in favor of the defendants is so great that the jury could not have reached their conclusion upon any fair interpretation of the evidence. (*Meyers* v. *Hines*, 199 App. Div. 594; *Layman* v. *Anderson & Co.*, 4 id. 124; *Munday* v. *Nassau Electric R. Co.*, 99 Misc. 28.)

Reluctantly, therefore, the motion is denied. Thirty days' stay; sixty days to make a case.