BENA SHEA, Appellant, *v.* JAMES E. JUDSON and CHARLES HUGHES EVANS, Defendants, and CLARK LAPOINT and ROBERT L. YOUNGER, Respondents.

Plaintiff was a passenger in a taxicab which was proceeding westerly along Sanford street in the city of Glens Falls at about eleven P. M. on March 21, 1938. This cab, which was owned by the defendant Judson and operated by the defendant Evans, came into collision with a taxicab owned by the defendant LaPoint and driven by the defendant Younger at the intersection of Sanford street and Bay street. Bay street ran north and south at right angles to Sanford street. Traffic at this intersection was controlled by four traffic lights. The proof is undisputed that the traffic light was green for north- and south-bound traffic on Bay street when the cab of the defendants LaPoint and Younger, which was proceeding in a northerly direction, entered the intersection. The witness Evans, the driver of the car in which plaintiff was riding and whose testimony is the most favorable in the record to the plaintiff, showed that he had not yet entered the intersection when the light changed from green to red against him, although he was, as he said, "right at the edge, at the curb line." We see no proof here upon which a finding of negligence against the defendants LaPoint and Younger could be properly based.

Judgment affirmed, with costs.

Bliss, Heffernan, Schenck and Foster, JJ., concur; Hill P. J., dissents, in a memorandum, and votes to affirm as against the appellant and to reinstate the verdict against LaPoint and Younger.

HILL, P. J. (dissenting). Plaintiff appeals from an order of the trial court setting aside the verdict as against LaPoint and Younger. One of those defendants was the owner and the other the driver of an automobile proceeding northerly on Bay street. Plaintiff was riding in an automobile owned by Judson and driven

by Evans, the other defendant. It was proceeding westerly on Sanford street and a collision took place at the intersection of these two streets. Evans testifies in substance that the light didn't change to red as against him until he was exactly at the intersection of those streets, that is on the westerly side of Bay street, that he first attempted to stop his car but was unsuccessful. Younger, driver of the LaPoint vehicle, approached the corner too rapidly, according to Evans' testimony. Two pedestrians who were crossing Bay street had to run to get out of his way. Under the "mutual forbearance" first enunciated in *Mark* v. *Fritsch* (195 N. Y. 282), and repeated with approval in *Ward* v. *Clark* (232 N. Y. 195), liability is created on the part of LaPoint and Younger because the taxicab did not approach this intersection exercising forbearance and caution. He did not have an absolute right of way, he only had a superior right over Evans.

I vote to reinstate the verdict against LaPoint and Younger and to affirm.