■ GILBERT L. TYRELL, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 32547.) — This is an appeal by the claimant Gilbert L. Tyrell from a judgment of the Court of Claims dismissing his claim on the ground that he was contributorily negligent. The accident occurred on January 26, 1954, at about 11:30 P.M. on Route 73 in the town of Schroon, Essex County, New York, when claimant's car left the State highway, after skidding on an icy section of

the road, and struck a tree. Just east of the point where the accident happened the highway was covered with ice for a distance of some 200–300 feet. The testimony reveals that claimant had traversed the icy section and just reached bare pavement when his car left the road. The highway was straight for some distance in each direction and was bare except for the above-described icy section. The court held that the State of New York was negligent under all the circumstances but that the claimant contributed to the accident by his own negligence. Claimant admits that he was very familiar with the road conditions and this particular icy section because it was his regular route to and from work and he had traversed it twice a day for two weeks prior to the accident and had been over it the day of the accident on his way to work. Both claimant and his fellow employee and rider, Owen Monroe, had discussed the "bad piece of ice" where the accident occurred. Witness Monroe testified that the icy section was in the same condition on the night of the accident as it was on the morning of the same day and on the preceding day. Claimant testified that he had previously crossed this icy section at a speed of 30–35 miles per hour, but that he reduced his speed to 20–25 miles per hour on the night in question because it was raining. He had been proceeding at 40–45 miles per hour approaching the icy section. Whether the speed and manner of operation of his motor vehicle at the time of this accident under all the attendant conditions constituted contributory negligence was a question of fact. The claimant had the burden of demonstrating his freedom from contributory negligence by a fair preponderance of the evidence. The court as the trier of facts has determined that the claimant has not met this burden. Certain it is, that, when there is a decision for the defendant by the trier of facts in an action of this sort, the court is not justified in setting it aside as against the weight of evidence unless it can be plainly seen that the preponderance in favor of the plaintiff is so great that the trier of facts could not have reached the conclusion upon any fair interpretation of the evidence (*Jarchover* v. *Dry Dock, East Broadway & Battery R. R. Co.*, 54 App. Div. 238; *Mieuli* v. *New York & Queens County Ry. Co.*, 136 App. Div. 373; *Meyers* v. *Hines*, 199 App. Div. 594; *Voyes* v. *Kane*, 240 App. Div. 710; *Collins* v. *City of New York*, 263 App. Div. 893). Judgment affirmed, without costs. Bergan, J. P., Gibson, Herlihy and Reynolds, JJ., concur. °