■ DOMINICK MUSCELLI, Appellant, v. CITY OF NEW YORK, Defendant, and NEW YORK CITY HOUSING AUTHORITY, Respondent.— In an action to recover damages for personal injuries, the appeal is from a judgment entered on a jury verdict dismissing the complaint. The elevators in the Queensbridge Housing Project in Long Island City stop only at the first, third, and fifth floors. Appellant, a double amputee, was a tenant of an apartment on the sixth floor. About 8:30 P.M. on February 1, 1952 appellant, his wife and his two children took the elevator to the fifth floor. There was evidence that, when they got out of the elevator, the light in the hall was out. Appellant's wife and children went up the stairs to the sixth floor. There was no light on the stairway. As appellant went up the steps with the use of his artificial leg and crutches, he fell. The case was submitted to the jury, and during its deliberations a message was received by the court asking whether an award might be made to appellant if it found appellant guilty of contributory negligence. The court answered the question in the negative. Judgment reversed and a new trial granted, with costs to appellant to abide the event. There was overwhelming proof of respondent's violation of section 37 of the Multiple Dwelling Law with respect to artificial lighting and of respondent's consequent negligence. Appellant was required to go up the stairs from the fifth to the sixth floor to reach his apartment. The violation of the statute was the cause of this accident and not appellant's failure to obtain help in the emergency which suddenly confronted him. Under the circumstances the verdict finding appellant guilty of contributory negligence was against the weight of the evidence. Beldock, Murphy and Kleinfeld, JJ., concur; Nolan, P. J., dissents and votes to affirm, with the following memorandum: I agree that ample evidence was adduced as to respondent's negligence. I am unable to concur, however, in the conclusion that there was implicit in the verdict a finding that appellant was guilty of contributory negligence or that the jury's verdict should be set aside as against the weight of the evidence. There is implicit in the verdict only a finding that appellant failed to sustain the burden of proof as to some essential element of his case. In such a case the court is not justified in setting aside the jury's

verdict as against the weight of the evidence, unless it can be plainly seen that the preponderance in favor of the plaintiff was so great that the jury could not have reached the conclusion they did upon any fair interpretation of the evidence (*Mieuli* v. *New York & Queens County Ry. Co.*, 136 App. Div. 373, 375; *Meyers* v. *Hines*, 199 App. Div. 594; *Collins* v. *City of New York*, 263 App. Div. 893, *Tyrell* v. *State of New York*, 6 A D 2d 958). Questions of negligence, of contributory negligence and of proximate cause are ordinarily questions of fact. In the instant case appellant, by failing to move for a directed verdict, conceded that an issue of fact was presented for determination by the jury (*Kluttz* v. *Citron*, 2 N Y 2d 379, 382) and the issues were submitted to the jury in a charge to which he took no exception. Having consented that the jury should decide the issues, appellant is in no position to claim on this appeal that the decision was required to be made in his favor, or that this court should set aside the verdict on the facts. Wenzel, J., concurs with Nolan, P. J.