## (October 30, 1962)

■ ELMA HARRIS, Respondent, v. LARONA STUDIOS, INC., Appellant, et al., Defendant.

APPEAL from an order of the Supreme Court at a Special and Trial Term, entered April 30, 1962 in New York County, which granted a motion by plaintiff for an order after a trial before a jury, setting aside a verdict in favor of defendant Larona Studios, Inc., and remanding the case for a new trial.

*Per Curiam.* Defendant appeals from an order entered April 30, 1962, which set aside a verdict in favor of defendant, and remanded the case for trial.

The stated grounds for the determination were remarks by the court which "perhaps unwittingly" contributed to the verdict in defendant's favor; the verdict was against the weight of the evidence, and substantial justice had not been done in the case.

The plaintiff, a tenant in a multiple dwelling, sought to recover damages for personal injuries suffered as a result of the alleged negligence of defendant, the

landlord and owner of the premises. The plaintiff testified that she and three other tenants used a kitchen in common; that sometime prior to the accident she complained to the landlord about an odor of gas, and the manner in which the flame on the top of the stove burned. Subsequent to the complaints she entered a hospital for treatment of an ailment not involved here. Upon her discharge from the hospital and return to her apartment, she observed someone working on the stove. Thereafter she observed a condition similar to that which previously existed and she again complained to the landlord. The accident out of which this cause of action arose occurred on August 22, 1959, as plaintiff attempted to light the oven from the broiler part of the stove. Plaintiff testified that she "got a match and I started to light it and there was an explosion." According to the hospital record plaintiff suffered first degree burns of the face, dorsum of both forearms, and dorsum of left hand.

On cross-examination the witness testified that after her return from the hospital she used the stove for 10 or 12 days until the accident, and on each occasion she smelled gas. On the morning in question she turned on the oven gas cock, at the top of the stove, and as she bent to light the oven with the lighted match "A flame just blew." "It went 'boom.'" No part of the stove broke up or exploded, but a flame came out of the bottom of the stove.

There were no other witnesses on the question of liability. The plaintiff's medical expert testified but the treating physician did not arrive in time to testify, though an adjournment had been granted to facilitate his appearance. All available testimony on the question of liability had been given, and the refusal to grant a further adjournment, or a continuance of the trial, could not prejudice the plaintiff on that issue. The defendant offered no witnesses.

The case went to the jury on a charge to which neither exceptions were taken nor requests made. The jury returned a verdict for the defendant, which the court set aside.

In an action to recover damages for personal injuries based on the alleged negligence of a defendant, "The court is not justified in setting aside a verdict for the defendant as against the weight of the evidence, unless it shall plainly appear that the preponderance [of evidence] in favor of the plaintiff is so great that the jury could not have reached their conclusion upon any fair interpretation of the evidence." (*Meyers* v. *Hines*, 199 App. Div. 594, 595; *Marton* v. *McCasland*, 16 A D 2d 781.) Otherwise, the verdict of the jury is conclusive on the issue of liability.

Under the testimony the jury was free to find contributory negligence on the part of the plaintiff, and it cannot be said that such finding is not implicit in their verdict.

Examination of the record does not reveal undue criticism of counsel by the court or any conduct by it which denied the plaintiff a fair trial.

The order appealed from should be reversed on the law, the verdict reinstated, and judgment directed thereon for the defendant, with costs to the appellant.

Rabin, J. P., Valente, McNally, Stevens and Steuer, JJ., concur.

Order, entered on April 30, 1962, unanimously reversed on the law, on the facts and in the exercise of discretion, the verdict reinstated, and judgment directed thereon for the defendant, with $20 costs and disbursements to appellant. Settle order on notice.