■ CLIFFORD KEYWORTH, as Administrator of the Estate of GERTRUDE KEYWORTH, Deceased, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 36379.) — Appeal from a judgment of the Court of Claims dismissing on the merits, after trial, the claim of Clifford Keyworth for the death of his wife when her car collided with a tractor-trailer at the intersection of Routes 32 and 23-A near Palenville in Greene County. There is no question of law involved here. The accident occurred on November 19, 1958, about 2:30 P.M., while the decedent was driving east on Route 23-A and a tractor-trailer was proceeding south on Route 32. Traffic at the intersection of the two highways is controlled by an automatic traffic signal which the appellant maintains was green in all directions at the moment of impact. Several persons, including some eyewitnesses to the accident, testified that the light was green on all sides. There is also testimony that on occasions prior to the date of the accident the light was not working properly and at times showed either all red or all green on every side and that the State Police were so informed. Denying responsibility, the State relies on the testimony of two State Troopers who patrolled the area but did not arrive at the scene of the accident until 30 minutes after its occurrence, and three State Department of Public Works employees who were charged with the maintenance of the traffic light. The troopers said that the light was functioning properly when they arrived. The public works men described the mechanism and working of the traffic light and one of them stated that upon his arrival at the scene he found the State Police there and that the light was working properly. The trial court relying on the functional operation of the automatic signal found that the State was not responsible and dismissed the claim. We believe that this conclusion is against the weight of the evidence and that the judgment should be reversed. There was adequate evidence of a pecuniary loss occasioned by decedent's death. Judgment reversed, on the law and the facts, and an award in the amount of $22,000 and appropriate interest granted, with costs. Gibson, P. J., Taylor and Aulisi, JJ., concur; Herlihy and Reynolds, JJ., dissent and vote to affirm, in separate memoranda: Herlihy, J. (dissenting). The Court of Claims made two findings, in my opinion, sufficient to sustain the judgment in favor of the State. The first finding made at the request of the State reads: "30. The accident resulted from the negligence of the operators of the vehicles." This finding permits a predicate of negligence as to each driver and particularly the decedent who was familiar with the intersection and, in fact, travelled over and through it as a daily routine; that if each driver properly approached the intersection as a careful and prudent driver exercising reasonable care he or she would have seen the approaching automobiles in time

to avoid a collision. The photograph in evidence graphically displayed the intersection and the opportunity to make such observations. The second finding: " VI. Claimant failed to establish by a fair preponderance of the evidence that any negligence of the State of New York was a proximate cause of the accident." This finding, of course, refers primarily to the traffic signal placed at the intersection under the aegis of the State. If the light was malfunctioning at the time of the accident the finding permits that the alleged negligence on the part of the State, under the circumstances, was not the cause of the collision. This finding is based in part on the first finding mentioned above and additionally as a legal issue. The fact that a signal is green for approaching traffic gives no absolute right for entering the intersection but, at most, is a superior right. Both drivers approaching a traffic signal controlled intersection are required to approach it exercising forbearance and caution regardless of the light. (*Shea* v. *Judson,* 258 App. Div. 999, affd. 283 N. Y. 393, 398.) The judgment should be affirmed. Reynolds, J. (dissenting). The trier of the facts herein was confronted with questions of credibility and fact. While some other trial court might have reached a different conclusion, we see no reason to disturb the considered judgment of this court in his appraisal of the credibility of the witnesses and his determination of the factual issues. As we said in *Tyrell* v. *State of New York* (6 A D 2d 958, 959) : " Certain it is, that, when there is a decision for the defendant by the trier of facts in an action of this sort, the court is not justified in setting it aside as against the weight of evidence unless it can be plainly seen that the preponderance in favor of the plaintiff is so great that the trier of facts could not have reached the conclusion upon any fair interpretation of the evidence (*Jarchover* v. *Dry Dock, East Broadway & Battery R. R. Co.,* 54 App. Div. 238; *Mieuli* v. *New York & Queens County Ry. Co.,* 136 App. Div. 373; *Meyers* v. *Hines,* 199 App. Div. 594; *Voyes* v. *Kane,* 240 App. Div. 710; *Collins* v. *City of New York,* 263 App. Div. 893).'' The judgment should be affirmed.