■ FANNIE FOGEL et al., Respondents-Appellants, v. DONALD NELSON, Appellant-Respondent, and JOSEPH BROWN et al., Respondents.— Order, entered October 8, 1968, insofar as it sets aside jury verdict in favor of defendant Nelson and directs a new trial, unanimously reversed, on the law, with $50 costs and disbursements to defendant-appellant-respondent, verdict reinstated, and judgment directed for said defendant. The plaintiffs, according to a statement of counsel on the argument, have withdrawn their appeal from the order insofar as it set aside the jury verdict against the defendants Brown. There is support in the evidence for the specific finding by the jury that negligence of the defendant Nelson was not a proximate cause of the vehicle accident and there was no inconsistency in the jury verdict. " It is settled that a jury verdict in favor of defendant may not be set aside unless it plainly appears that the evidence so preponderates in favor of the plaintiff that the verdict for the defendant could not have been reached on any fair interpretation of the evidence. (*Areson* v. *Hempstead Bus Corp.*, 14 A D 2d 790; *Musumeci* v. *Pillsbury Mills*, 12 A D 2d 941, 942; *Holpp* v. *Carafa*, 8 A D 2d 617; *Scheuerman* v. *Knapp Coal Co.*, 238 App. Div. 874, 875; *Meyers* v. *Hines*, 199 App. Div. 594, 595.) " (*Marton* v. *McCasland*, 16 A D 2d 781, 782.) The trial court, instead of setting aside the jury verdict, should have directed judgment for the defendant. Concur — Stevens, P. J., Eager, McGivern, McNally and Steuer, JJ.