■ MICHAEL SMITH et al., Appellants, v STATE OF NEW YORK, Respondent. — Judgment unanimously affirmed, without costs. Memorandum: At the close of claimant's direct case, the State moved to dismiss for claimant's failure to

prove a prima facie case and the court reserved decision. When the trial was completed, the court granted the State's motion and dismissed claimant's claim. We affirm, but for a different reason from that relied upon by the trial court. ¶ Claimant was injured when the car in which she was riding as a passenger failed to negotiate a curve on a State highway. She contended that the State's failure to post a proper curve sign was the proximate cause of the accident. Accepting claimant's evidence as true and resolving all questions of credibility in claimant's favor (see *Nicholas v Reason*, 84 AD2d 915), we find that claimant established a prima facie case that the State failed to post a curve sign and that such failure caused the accident (see *Boyce Motor Lines v State of New York*, 280 App Div 693, affd 306 NY 801). Indeed, the court recognized this by observing, at the end of claimant's case, that "on the present state of the record, as the finder of fact, there is sufficient evidence for me to conclude that at this stage there was no sign of any sort approaching that curve." ¶ Once the trial was completed, the court made specific findings that it believed the State's witnesses and not claimant's witnesses regarding whether the curve sign was posted. The court could have properly decided, therefore, that claimant failed to prove the State's negligence by a fair preponderance of the evidence. We need not remit this case to the Court of Claims since we have a complete record and it is within our power to grant the judgment which upon the evidence should have been granted by the trial court (NY Const, art VI, § 5; Court of Claims Act, § 24; *Koester v State of New York*, 90 AD2d 357, 363-364). We conclude, therefore, that since claimant failed to prove that the State was negligent by a fair preponderance of the evidence, the complaint must be dismissed (*Tyrell v State of New York*, 6 AD2d 958). (Appeal from judgment of Court of Claims, McMahon, J. — dismiss claim.) Present — Hancock, Jr., J. P., Denman, Boomer, Green and Schnepp, JJ.