### SAWALSKY v. PENNSYLVANIA R. CO.

(Supreme Court, Appellate Division, First Department.   April 21, 1899.)

APPEAL—REVIEW—VERDICT.
> An order denying a new trial, asked on the ground that the verdict was
> against the weight of the evidence, will not be reversed, though there was
> a serious conflict in the evidence, unless it is clear that the verdict was
> the result of passion, prejudice, corruption, or mistake.
> Patterson, J., dissenting.

Appeal from trial term, New York county.
Action by Matthew Sawalsky against the Pennsylvania Railroad
Company.   From a judgment in favor of plaintiff, and from an order
denying a motion for a new trial, defendant appeals.   Affirmed.
Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY,
PATTERSON, and O'BRIEN, JJ.

H. G. Ward, for appellant.
Roger Foster, for respondent.

RUMSEY, J.   There are presented upon this appeal purely ques-
tions of fact, and nothing else.   Few exceptions were taken upon the
trial, and none presented upon the argument.   There was a serious
conflict of evidence, which was submitted to the jury in a charge to

which no exceptions were taken; and the motion for a new trial, made upon the ground that the verdict was against the weight of evidence, was denied by the court, who saw the witnesses, heard their testimony, and observed their demeanor. Under those circumstances, we would not be justified in reversing his order and the judgment, unless it was very clear that the verdict of the jury must have been the result of passion, prejudice, corruption, or mistake. Upon a careful examination of the case, we do not feel ourselves able to reach this conclusion. The evidence of the plaintiff was corroborated by his two companions, and although there was much in the testimony upon that side of the case which might call for explanation, and afforded a legitimate ground for criticism, yet we cannot say how much of that was due to the contradictions of the witnesses themselves, or how much to the fact that the testimony given by them passed through the lips of an interpreter before reaching the jury. Those matters were the legitimate subject of comment before the jury, and were to be considered by them. It is quite clear that the testimony offered by the defendant, if it was believed in its entirety, practically destroyed the case which the plaintiff had made. But the evidence was important for that purpose only if the jury found from it that the occurrence on the bridge took place on the night when the plaintiff was said to have been injured, and if the man there hurt was the plaintiff. Upon both of these points there was some hesitation on the part of the witnesses, and the identification of the plaintiff as the man hurt upon the bridge was weak, not alone because of what the witnesses testified to, but quite as much because of the failure of those witnesses who might have identified him to do so. After all that testimony had been given, the case was still peculiarly one for the determination of a jury; and we cannot say that the conclusion of the jury, that the plaintiff's case was established by a fair preponderance of the credible evidence, was so against the weight of testimony that we would be justified in reversing it.

The judgment and order must therefore be affirmed, with costs. All concur, except PATTERSON, J., dissenting.