But it is claimed that the rule has been changed by section 205 of the negotiable instruments law (Laws 1897, p. 745, c. 612), which reads:

"Alteration of Instruments—Effect of. Where a negotiable instrument is materially altered without the consent of the parties liable thereon, it is avoided except as against a party who has himself made, authorized or assented to the alteration, and subsequent indorsers. But when an instrument has been materially altered and is in the hands of a holder in due course not a party to the alteration, he may enforce payment thereof according to its original tenor."

I do not think this section has changed the rule. It is not necessary to say that a party who leaves blanks liable to be filled by evil-disposed persons has thereby authorized or assented to the alteration as mentioned in the above section. That section purports to lay down a general rule as to the alteration of instruments. It does not purport to cover a case where a blank has been negligently left and the instrument changed by filling in the blank. The question of negligence is not referred to or covered by it. Section 7 of that law provides:

"In any case not provided for in this act the rules of the law merchant shall govern."

Therefore the rules of the law merchant govern in a case of this kind. It is unnecessary to say whether the indorser here is held liable upon account of his negligence, or whether we say that his negligence is such that he is estopped from contending that the instrument was otherwise than it now appears. The result is the same. He is suffering the loss which his negligence has caused, and, if it is not visited upon him, it must fall upon an innocent party, who must suffer loss on account of the defendant's negligence.

The judgment and order should therefore be affirmed, with costs. All concur.

---

(119 App. Div. 682)

## COX v. CONTINENTAL INS. CO.

(Supreme Court, Appellate Division, Third Department. May 8, 1907.)

APPEAL—REVIEW—HARMLESS ERROR—MISCONDUCT OF COUNSEL.

Where, in a close case, an attorney in summing up, notwithstanding the reproval of the court, persists in making improper remarks, which are calculated to prejudice the minds of the jury, it is ground for reversal.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, § 4135.]

Appeal from Trial Term.

Action by Rosslyn M. Cox, administrator of Charles H. Horton, against the Continental Insurance Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

John F. Roosa, for appellant.
Van Amee & Watts (Abram F. Servin, of counsel), for respondent.

JOHN M. KELLOGG, J. The appellant contends that the judgment is contrary to evidence. It is unnecessary to consider that question. Where it is not clear that the evidence fully sustains the verdict, the other point presented by the appellant has a controlling force.

The judgment should be reversed on account of improper remarks made by the counsel for the respondent in summing up to the jury, which show clearly that he was seeking a verdict, not upon the evidence, but upon account of the prejudices of the jury. It is fair to consider that his remarks, in a close case like this, had the effect upon the minds of the jurors which he clearly intended they should have. Hoyt v. Davis Manufacturing Co., 112 App. Div. 755, 98 N. Y. Supp. 1031; Loughlin v. Brassil, 187 N. Y. 128, 79 N. E. 854. The several remarks made show that they were not inadvertently made, but that counsel persisted in making improper remarks, notwithstanding the reproval of the court. We quote from the record:

"Mr. Watts said that Mr. Roosa was cold and had affection for nobody, but was here probably for a fee of $500, while he believed his friend Jones could not be got here for $1,500. He was the leader of the bar in his section of the state.

"Mr. Jones: I desire, if your honor please, to have the remarks of the counsel taken as to myself with reference to a fee of $1,000 or $1,500, and I object to it.

"Mr. Watts: I said I didn't believe they could get you here for anything less.

"Mr. Jones: I desire to except to it, and ask the court to instruct the jury they cannot regard it; and the same with reference to the fee of $500 to Judge Roosa.

"The Court: The jury will disregard any statement in regard to fee, actual or probable, of the attorneys for the defendant. There is no testimony in the case in regard to the matter. Counsel will proceed, confining himself to evidence in the case.

"Mr. Watts also said: They [the insurance companies] will go to any ends. They have stacks of money, and will go to any ends.

"Mr. Jones: I desire to take an exception to the statement of counsel, and ask the court to instruct the jury to disregard it.

"The Court: Proceed, and confine yourself to the testimony in the case. The jury will disregard it.

"Mr. Watts: That is in answer to Mr. Roosa, who did not address himself to the evidence, but on entirely outside matters.

"The Court: The jury will disregard such remarks, and decide the case entirely upon the evidence in the case presented before them.

"Mr. Watts further said: ·Counsel told you in his opening 'Why, gentlemen, if you will lose such cases, your premiums must be increased.' I say, gentlemen, that is not the only reason they keep increasing your premiums. It is not because of the losses, but because of the 38 per cent. they are paying to their stockholders in many cases.

"Mr. Jones: I object to that statement, and except to it, and ask the court to instruct the jury to disregard it.

"The Court: They will disregard it.

"Mr. Watts: I thought it was justified by the statement he made. He said: 'If you allow losses to come to the company, your premiums will be increased.' I got his exact language. I took it in shorthand and copied it last evening.

"The Court: The jury will remember the evidence and decide the case on that alone.

"Mr. Watts: I only say that that was not the only reason it was increased."

It is evident that the defendant did not have that fair and impartial consideration of its case on the merits to which it is entitled, and that

this verdict is probably the result of prejudice created by the miscon-
duct of counsel in presenting the case to the jury.

The judgment and orders should therefore be reversed, and a new
trial granted, with costs to the appellant to abide the event.