tion.' In the other case, the grantor is deceived into the execution of an instrument of the contents of which he is ignorant. This is sometimes called 'fraud in the execution of the deed.' The distinction between the two cases lies just here. It is elementary law that the assent of the parties is necessary to constitute a binding contract. In the first case, the assent of the party, though obtained by fraud, is, nevertheless, obtained not only to the execution of the instrument, but to the contract which it evidences. In the second case, there is procured only the signature to and execution of the written instrument, but not assent to the contract therein stated."

While the trial judge would have been justified in setting aside the verdict, I think the nonsuit should not have been granted.

The only question remaining is whether a new trial should be granted, or judgment directed upon the verdict. Of course, if there are any exceptions which require a new trial, we cannot direct judgment to be entered upon the verdict. Harrison v. N. Y. C. & H. R. R. R. Co., 195 N. Y. 86, 90, 87 N. E. 802. I think there is none. But even then the verdict should not be reinstated, if it is contrary to evidence or contrary to law. I have no doubt of the legal liability of the defendant for the injuries which the plaintiff has sustained, and the verdict is very moderate, although I am free to admit that the finding of the jury upon the question of settlement appears questionable. But the testimony comes to us reduced to narrative form, the jury had the advantage of hearing the questions and answers and seeing the witnesses, and I think under all the circumstances we had better let the verdict stand, and not prolong litigation.

Having reached the conclusion that a new trial should not be granted, judgment should be directed for the plaintiff upon the verdict. Code Civ. Proc. § 1187; Faith v. N. Y. C. & H. R. R. R. Co., 109 App. Div. 222, 95 N. Y. Supp. 774, affirmed 185 N. Y. 556, 77 N. E. 1186.

The judgment entered upon the nonsuit should be reversed, and judgment directed to be entered on the verdict, with costs. All concur, except McLENNAN, P. J., who dissents upon the ground that the plaintiff, having executed a release for damages sustained, should have tendered back the money received or procured a cancellation of the release before bringing action for damages. See Doyle v. N. Y., O. & W. R. R. Co., 66 App. Div. 398, 72 N. Y. Supp. 936; McLaughlin v. Syracuse Rapid Transit Ry. Co., 115 App. Div. 774, 101 N. Y. Supp. 196; Shaw v. D., L. & W. R. R. Co., 126 App. Div. 210, 110 N. Y. Supp. 362.

---

MIEULI v. NEW YORK & Q. C. RY. CO.

(Supreme Court, Appellate Division, Second Department. January 14, 1910.)

1. CARRIERS (§ 318*)—INJURIES TO PASSENGER—EVIDENCE.

To warrant a verdict for defendant in an action for injuries to a passenger, the jury must find defendant's liability established by a preponderance of the evidence.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1270, 1307–1314; Dec. Dig. § 318.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. NEW TRIAL (§ 72*)—INSUFFICIENCY OF EVIDENCE.
Where, in an action for injuries to a passenger, the verdict is for defendant, the court is not justified in setting it aside, as against the weight of evidence, unless it can be plainly seen that the preponderance in favor of the plaintiff is so great that the jury could not have reached the conclusion they did upon any fair interpretation of the evidence.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 146–148; Dec. Dig. § 72.*]

3. TRIAL (§ 140*)—APPEAL AND ERROR (§ 994*)—QUESTIONS FOR JURY.
When the right to a verdict depends upon the credibility to be accorded witnesses, and the testimony is not incredible nor insufficient as matter of law, the question of fact is for the jury, and their finding is conclusive.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 334, 335; Dec. Dig. § 140;* Appeal and Error, Cent. Dig. §§ 3901–3906; Dec. Dig. § 994.*]

4. TRIAL (§ 149*)—DIRECTION OF VERDICT—FAILURE TO REQUEST—EFFECT.
Where, in an action for injuries, plaintiff failed to move for the direction of a verdict, he conceded that the evidence presented a question for the jury, and, having determined to take his chances with the jury in a case which had to be disposed of upon evidence from which reasonable men would be as likely to draw one inference as the other, he should be content with the verdict thus rendered.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 345; Dec. Dig. § 149.*]

5. APPEAL AND ERROR (§ 260*)—REVIEW.
A contention that hearsay evidence was admitted cannot be reviewed, where not presented by exception.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1503–1515; Dec. Dig. § 260.*]

Appeal from Trial Term, Queens County.

Action by Stephano Mieuli, as administrator of the estate of Michele Mieuli, deceased, against the New York & Queens County Railway Company. From a verdict for defendant, and from an order denying a new trial, plaintiff appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, BURR, THOMAS, and RICH, JJ.

Henry L. Slobodin, for appellant.

Bayard H. Ames (John Montgomery, on the brief), for respondent.

RICH, J. The deceased was a passenger upon one of defendant's cars, operated through Vernon avenue, in Long Island City, at midnight of November 17, 1907. At half past 1 o'clock he was found at the corner of Worth street and Vernon avenue, severely bruised and injured, and taken to St. John's Hospital, where he died on the same day of cerebral hemorrhage. The question litigated was how and in what manner he received such injuries. The plaintiff's theory is that, as the car upon which his intestate was riding approached Noble street, the latter signaled the conductor to stop, and the car was brought to a full stop; that he started to get off, and while upon the car steps the conductor signaled the motorman to go ahead, the car started suddenly, and the decedent was thrown into the street, receiving the injuries resulting in his death. The defendant's contention was that the decedent was riding upon the rear platform of the car, and while

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

it was in motion, and the conductor inside, the decedent, without giving any signal or informing the conductor of his desire to get off, stepped or jumped from the car, and was thus injured. These different theories or contentions were supported by the evidence introduced by the respective parties, and the verdict rests upon the credibility of the witnesses sworn. The appellant contends that the trial court erred in denying his motion to set the verdict aside and grant him a new trial.

Two principles of law control the question presented by this contention:

First. In this class of cases a verdict for the defendant rests upon a different basis than does one for the plaintiff. To warrant a verdict for the latter; the jury must find the defendant's liability established by a preponderance of evidence; but in finding for the defendant they determine that the plaintiff has failed to sustain the burden of establishing his case by a preponderance of proof, and where a verdict is for the defendant the court is not justified in setting it aside, as against the weight of evidence, unless it can be plainly seen that the preponderance in favor of the plaintiff is so great that the jury could not have reached the conclusion they did upon any fair interpretation of the evidence. Jarchover v. Dry Dock, E. B. & B. R. R. Co., 54 App. Div. 238, 240, 66 N. Y. Supp. 575.

Second. When the right to a verdict depends upon the credibility to be accorded witnesses, and the testimony is not incredible, nor insufficient as matter of law, the question of fact is for the jury, and their finding is conclusive. Fealey v. Bull, 163 N. Y. 397, 57 N. E. 631; Sawalsky v. Pennsylvania R. R. Co., 39 App. Div. 661, 57 N. Y. Supp. 775; Franklin Coal Co. v. Hicks, 46 App. Div. 441, 61 N. Y. Supp. 875; Dowling v. Brooklyn Heights R. R. Co., 107 App. Div. 312, 95 N. Y. Supp. 105. The plaintiff failed to move for the direction of a verdict, thus conceding that the evidence presented a question for the jury as to the liability of the defendant. Having determined to take his chances with the jury in a case which had to be disposed of upon evidence from which reasonable men would be as likely to draw one inference as the other, he should be content with the verdict thus rendered. Grogan v. Brooklyn Heights R. R. Co., 107 App. Div. 254, 95 N. Y. Supp. 23.

The case was presented to the jury by the learned trial justice in a charge free from error, and the point that hearsay evidence was improperly received is not presented by exception. It is not apparent that grave injustice has been done the plaintiff, and we will not exercise our power to review these rulings. Smith v. Nassau Electric R. R. Co., 57 App. Div. 152, 67 N. Y. Supp. 1044; Hull v. Cronk, 55 App. Div. 83, 67 N. Y. Supp. 54.

The judgment and order must be affirmed, with costs. All concur.