FRANK T. PRICE, Respondent, *v.* HERMAN MULLEN, Appellant.

Fourth Department, May 6, 1936.

*George A. King,* for the appellant.

*John W. Hollis,* for the respondent.

PER CURIAM. In his summation counsel for the plaintiff-respondent applied to one of defendant's witnesses degrading appellations which it will serve no purpose to repeat here but which clearly were employed to arouse prejudice and passion rather than to promote calm judgment by the jury. Likewise in discussing the testimony of another opposing witness the same counsel stated: " I am giving my personal opinion of (———). He is a crook." The members of the jury had no concern with counsel's personal opinion of this witness or any other. Their conclusion as to the veracity of a witness or the quality of his testimony was to be drawn from the evidence of record in the case and their observation of the witness on the stand. These statements went beyond the bounds of " *ad hominem* by-play of trial counsel." (*Moran* v. *Rainbow Appliance Corp.,* 225 App. Div. 587, 591), and may well have influenced the jury in its determination of the facts submitted. It was a deliberate infraction of a well-known rule of trial practice as to which we have had occasion to say: " The rule confining counsel to legitimate argument is not based on etiquette but on justice. Its violation is not merely an overstepping of the bounds of propriety but a violation of a party's rights. The jurors must determine the issues upon the evidence. Counsel's address should help them to do this, not tend to lead them astray." (*Cherry Creek Nat. Bank* v. *Fidelity & Casualty Co.,* 207 App. Div. 787, 790.) It is our duty to protect a jury's verdict from influences not supported by the recorded proof. We do so in this instance by reversing the judgment on the facts and directing a new trial.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, THOMPSON and LEWIS, JJ.

Judgment and order reversed on the facts and a new trial granted, with costs to the appellant to abide the event.