Margaret Havern, Patricia Dolan, an Infant under the Age of
Fourteen Years, by James Dolan, Her Guardian ad Litem,
and James Dolan, Respondents, v. Julia Hoffmann, Appellant.

First Department, November 19, 1937.

*Robert H. Charlton* for the appellant.

*Thomas J. O'Neill* of counsel [*Archie E. Latto* with him on the brief], for the respondents.

Per Curiam. The plaintiff Margaret Havern brought this action for personal injuries sustained in consequence of a fall suffered on a stairway in premises owned by the defendant. It is not necessary to recapitulate the evidence offered by the plaintiff to sustain the contention that the injuries were caused by the negligence of the defendant nor the evidence to the contrary offered by the defendant, because the conduct of plaintiff's counsel at the trial requires that the judgment be reversed.

Throughout the trial the plaintiffs' counsel persisted in suggesting to the jury that the defendant was insured against liability. He did so in the examination of physicians called as witnesses by the defendant, of whom he inquired (though objection to similar questions had been sustained) whether they did not make a practice of testifying for railroad and insurance companies in negligence actions. He did so particularly in summation to the jury when

he said: " Take this defendant, she is just a name in this case; she does not appear, she is not here. She is not the person that is putting forward this rotten crooked defense, this outrageous charge against a perfectly decent lawyer. Are you going to let this crowd go unpunished for this dastardly conduct in saying that Mrs. Dolan and all these others are presenting false evidence here? No wonder we won't settle with them and we don't take their money until we beat the brains out of them right here in this court room and show what the truth is." From the insinuations of counsel that the physicians called by the defendant had made a practice of testifying for defendants in actions against railroad and insurance companies and particularly from his statement to the jury that the defendant was not the party interested in the litigation but that she was defended by a " crowd " who had interposed the defense in her behalf, the jury could not fail to infer that the defendant was insured. Not only must these statements of counsel have had this effect upon the jury but they could have had no other purpose. The question of insurance having thus been introduced, not as the result of mere inadvertence, as may sometimes occur, but for the purpose of influencing the jury by considerations foreign to any issue in the case, the judgment must be reversed and a new trial granted. (*Simpson* v. *Foundation Co.*, 201 N. Y. 479; *Cosselmon* v. *Dunfee*, 172 id. 507; *Hordern* v. *Salvation Army*, 124 App. Div. 674; *Manigold* v. *Black River Traction Co.*, 81 id. 381; *Walsh* v. *Frankenthaler*, 186 id. 62.)

The judgment, in so far as appealed from, should be reversed, the action severed, and a new trial ordered, with costs to the appellant to abide the event.

Present — MARTIN, P. J., TOWNLEY, UNTERMYER, COHN and CALLAHAN, JJ.

Judgment, so far as appealed from, unanimously reversed, the action severed, and a new trial ordered, with costs to the appellant to abide the event.