WILLIAM ZEMLIANSKY, an Infant, by CLARA SKY, His Guardian ad Litem, and CLARA SKY, Plaintiffs, *v.* UNITED PARCEL SERVICE, INC., Defendant.

Supreme Court, Trial Term, New York County, December 18, 1940.

*Irving D. Josefsberg,* for the plaintiffs.

*Joseph P. Smith [Thomas F. Keane* of counsel], for the defendant.

WALTER, J.   The evidence is sufficient to present questions of fact with respect to defendant's negligence and plaintiff's freedom from contributory negligence.   The motion to direct a verdict, upon which I reserved decision, is, therefore, denied.   The jury's verdict nevertheless must be set aside because of improper conduct of plaintiffs' counsel.

The object of summation is to give counsel an opportunity to comment upon the evidence, and within reasonable limitations that includes the right to comment upon those who give the evidence, but to say of a physician of standing who has testified as to his opinion as to the extent of injuries, and who concededly is a highly qualified practitioner, that he is " the greatest and most unmitigated rotten liar I have ever seen in a court room " and " a tool of the defendants " (there being only one defendant in the case), exceeds all permissible bounds.   (*Price* v. *Mullen,* 247 App. Div. 532; *Crocker* v. *Erie R. R. Co.,* 221 id. 44, 48; *Bloodgood* v. *Whitney,* 200 id. 56, 61, 62; *Walsh* v. *Frankenthaler,* 186 id. 62; *Mott* v. *Detroit, etc., R. Co.,* 120 Mich. 127, 135; 79 N. W. 3; *Galveston, etc., Ry. Co.* v. *Washington,* 42 Tex. Civ. App. 380; 92 S. W. 1054, 1059; *Texas & Pacific Ry. Co.* v. *Rea,* 27 Tex. Civ. App. 549; 65 S. W. 1115, 1116; *State* v. *Brunette,* 28 N. D. 539; 150 N. W. 271, 275.)

It possibly may be open to question whether the cross-examination of that physician, and the references made to him in summation, conveyed to the minds of the jury that defendant was insured and that the physician in question was employed by and was a " tool " of insurance companies, but that certainly was what was intended, and I cannot be sure that the situation here is not in substance the same as in *Havern* v. *Hoffmann* (252 App. Div. 486).

Plaintiffs' counsel also improperly made a special appeal to one member of the jury, who was a nurse, by suggesting that the jury could act upon information which she could give them, and in various ways appealed, not only to the sympathy of the jury for a widow whose only child had been hurt, but, also, to prejudices and passions. There is here something more than an exhibition of what advocacy should not be. There was a violation of defendant's legal rights. (*Cherry Creek Nat. Bank* v. *Fidelity & Casualty Co.*, 207 App. Div. 787, 791.)

The case was a close one, and the size of the verdict convinces me that the remarks of plaintiffs' counsel had the effect upon the minds of the jurors which he clearly intended they should have. (*Cox* v. *Continental Insurance Co.*, 119 App. Div. 682.)

The bar has been repeatedly warned that such practices imperil the very verdict they seek by them. (*Cherry Creek Nat. Bank* v. *Fidelity & Casualty Co.*, *supra.*)

Verdict set aside and new trial granted. Settle order on notice.