CLARA ROSE, Respondent, v. MONTGOMERY WARD & Co., INCORPORATED, Appellant. CASPER ROSE, Respondent, v. MONTGOMERY WARD & Co., INCORPORATED, Appellant.— An appeal by the defendant from orders entered in two actions in Schenectady County Clerk's Office on October 6, 1947, granting the motion of plaintiffs to set aside the verdicts of a jury of no cause of action in favor of the defendant. The plaintiff alleges that she received injuries from a push-cart operated by an employee of the defendant. The plaintiff, while she was shopping, was proceeding easterly on an east and west aisle at the time of the accident. The cart was being pushed in a northerly direction on a north and south aisle which intersected the east and west aisle. On the sides of the aisle were counters ranging from three to four feet in height on which were displayed merchandise for sale. Plaintiff alleged that while she was on the easterly aisle and when she placed her left foot forward she felt a sharp impact and was stunned. She also testified that after the first impact she was hit again by the cart. The employee, who was pushing the car, testified that as he approached the intersection of the two aisles and that when about four feet from the intersection, he hollered — " Watch it." His evidence also reveals that the plaintiff hit the middle of the cart and that he picked her up from the middle of the cart. He also testified that practically the whole of the cart was in the intersection at the time of the accident. The employee also testified that the cart never struck plaintiff twice because she was no where near the cart when he moved the cart away and that he had stopped the cart before the time of the accident. From an examination of the evidence it is convincing that the plaintiff failed by a preponderance of proof to establish the negligence of the defendant. (*Mieuli* v. *New York & Queens Co. Ry. Co.*, 136 App. Div. 373.) The entire evidence presented a sharp question of fact, not only as to the happening of the accident, but as to the credibility, which were questions for the jury. Orders reversed on the law and the facts, and the verdicts reinstated. Hill, P. J., Brewster, Foster and Russell, JJ., concur; Heffernan, J., dissents in the following memorandum: I dissent and vote to affirm the order of the Trial Judge. He saw the witnesses and observed their demeanor. He had an advantage which we do not have. We may not say that the learned Trial Judge abused his discretion in determining that the verdict of the jury should not be permitted to stand.

EARL RUSO, Appellant, v. WILLIAM S. RYCROFT et al., Respondents.— Appeal by plaintiff from an order entered in a negligence action which reduced the verdict of the jury from $5,000 to $3,500. The jury saw and heard the witnesses. The special damages were between $1,200 and $1,300. The evidence sustains the award made by the jury. Order reversed, on the law and facts, and verdict reinstated, with $25 costs and disbursements. Hill, P. J., Brewster, Foster, and Russell, JJ., concur; Deyo, J., dissents.