J. Irwin Shapiro, J.
The jury in this case rendered a verdict in favor of the plaintiff for $600 and found against the defendant on his counterclaim for personal injuries.
At the end of the entire case, the court reserved decision on defendant’s motion to dismiss the complaint.
Upon the rendition of the verdict, the defendant moved to set it aside and again renewed his motion for a dismissal of the plaintiff’s complaint. Decision was reserved on both motions.
The plaintiff testified that while traveling behind a truck in the middle lane of the Brooklyn-Queens Expressway, he saw an opening in the right lane; that he was then proceeding at about 25 to 30 miles an hour; that he drove from behind the truck into the right-hand lane when ‘‘ spots this car 80 feet away; I didn’t know whether it was stopped; I didn’t know whether it was going; then I jammed on my brakes and the first thing, I hit him.”
That was the extent of the plaintiff’s proof on the question of defendant’s negligence and his own freedom from contributory negligence except for the testimony of a tow-truck operator.
The latter did not see the accident. He testified that when he got to the scene of the accident, someone told the police — presumably the defendant — that he passed the Humboldt-Street exit of the highway and that he was backing his car up.
On cross-examination, it became evident that this witness was completely unworthy of belief. He pointed out in the courtroom the man who he said had made the backing-up statement. That man was the attorney of record for the plaintiff. He testified that he had spoken to no one about the accident prior to taking the stand and that while he had made a statement in writing as to how the accident occurred, he had never seen that statement again. After plaintiff’s attorney of record conceded that that very morning he had given that statement to the witness to read and that he had discussed its contents with the witness, the latter admitted that his prior statements were untrue.
The defendant, in support of his defense and counterclaim, testified that he had been in New York and that he was pro *121 ceeding on the Expressway on his way to his home in Broad Channel, Queens, when he was struck in the rear by the plaintiff’s vehicle. He denied that he had stopped or that he was backing up or that he had ever told anyone that he had overshot the Humboldt-Street exit and he pointed out that to get to his home in Broad Channel he would use the Woodhaven Boulevard exit in Queens County whereas the Humboldt-Street exit was in Kings County.

Pictures of the scene of the accident were introduced by the plaintiff for the purpose of showing the width of the highway, the Humboldt-Street exit, and the distance therefrom that the collision between the cars occurred.

While defendant was on the witness stand, plaintiff’s counsel by his questions generated an air of hostility toward the defendant which the verdict makes obvious the court did not succeed in eliminating.
The defendant was asked whether his license had not been suspended by the Motor Vehicle Bureau and whether he had not failed to disclose that fact in applying for a new license. When he denied this, the plaintiff offered in evidence a photostatic copy of the defendant’s application for a renewal of his license with certain traffic violations noted thereon. The exhibit was excluded and in a conference at the bench it appeared that the letter upon which plaintiff’s counsel had based his question as to suspension of defendant’s license was not in fact a suspension but a notice that if defendant did not supply evidence of financial responsibility his license would thereafter be suspended— on a date after the occurrence of the accident in suit here.
The plaintiff did not pursue this line of inquiry further but neither did he make any statement in the presence of the jury that his intimation that the defendant was driving his car while his license was under suspension was incorrect.
Plaintiff’s counsel then asked defendant whether he had not been served with a traffic summons by the police at the scene of the accident. While the objection to the question was sustained, the harm had been done, for the jurors, in view of their otherwise inexplicable verdict, must have concluded that the defendant was served with a summons either for driving with a suspended license or for violating the traffic regulations of the City of New York in backing up on an expressway. That the question was not answered does not lessen its undoubted prejudicial effect and does not militate against the court’s power, indeed, in a case such as this, its duty, to set the verdict aside. As the court said in Cosselmon v. Dunfee (172 N. Y. *122 507) “ the practice of asking a question that counsel must be assumed to know cannot be answered is highly reprehensible, and where the trial court * * * is satisfied that the verdict of the jury has been influenced thereby it should, for that reason, set aside the verdict.”
Not only were the foregoing issues improperly raised before the jury, but in his summation plaintiff’s counsel pointed out that the pictures in evidence showed some meat-packing houses on Humboldt Street, and he argued, without any proof in the record to justify his contentions, that the defendant (a butcher) might very well have been backing up to visit one of these meat packers. The pictures were not offered or received for any such purpose. They were admitted in evidence solely for the purpose of showing the locale of the accident and its proximity to the Humboldt-Street exit. To have used those pictures for a purpose entirely foreign from that for which they were allegedly offered was completely improper. There was no proof in the case that the defendant had ever had any business relations with those meat packers nor, indeed, was there any proof in the case that the signs were in existence on the date the accident occurred or that the alleged meat dealers in fact had any place of business at the place where the signs were exhibited.
To further appeal to the prejudices of the jury, the plaintiff’s trial counsel in his summation pointed out that the plaintiff was not wearing a jacket and that probably he did not own a suit of clothes to his name. This palpably improper appeal for sympathy was unwarranted in any case but certainly so in a situation where, as here, plaintiff’s trial counsel was representing plaintiff for the insurance company in which plaintiff was insured.
In my charge I attempted to bring the jury down to a consideration of the case on its merits but the result makes it evident that I did not succeed.
The verdict in this case — which not only denied defendant a recovery on his counterclaim — but gave affirmative relief to the plaintiff — shocks the conscience of the court. It cannot be permitted to stand.
A verdict obtained by injecting foreign and extraneous issues into a case which divert the attention of the jury from the facts which it should consider into channels of speculation and conjecture, is a reproach to the administration of justice. To permit such a verdict to stand would make the trial court a party to the improper tactics here used. As the court said in Cherry Creek Nat. Bank v. Fidelity & Cas. Co. (207 App. Div. *123 787, 790-791): “ The rule allowing counsel when addressing the jury the widest latitude in discussing the evidence and presenting the client’s theories falls far short of authorizing the statement by counsel of matter not in evidence, or indulging in argument founded on no proof, or demanding verdicts for purposes other than the just settlement of the matters at issue between the litigants or appealing to prejudice or passion. The rule confining counsel to legitimate argument is not based on etiquette but on justice. Its violation is not merely an overstepping of the bounds of propriety but a violation of a party’s rights. The jurors must determine the issues upon the evidence. Counsel’s address should help them to do this, not tend to lead them astray. (Cattano v. Metropolitan Street R. Co., 173 N. Y. 565.) The law is so insistent that misleading prejudicial matter shall not be allowed to enter jurors’ minds that under certain circumstances the asking of an incompetent question for an ulterior purpose, even though the question be not answered, will justify the setting aside of a verdict. (Cosselmon v. Dunfee, 172 N. Y. 507.) Breaches of the rule limiting counsel to a discussion of the evidence have become all too frequent of late. It is time that the Bar should realize that when counsel in a close case resort to such practices to win a verdict, they imperil the very verdict which they thus seek. (Graham v. Graham, 142 App. Div. 131; National Supply Co. v. Jebb, id. 256; Harris v. Eakins, 201 id. 257; Loughlin v. Brassil, 187 N. Y. 128; Simpson v. Foundation Co., 201 id. 479; Dimon v. N. Y. C. & H. R. R. R. Co., 173 id. 356; Cox v. Continental Insurance Co., 119 App. Div. 682; Williams v. B. E. R. R. Co., 126 N. Y. 96.) ”
The question still remains whether the plaintiff’s complaint should be dismissed. A careful review of his testimony on the question of liability, which is set forth almost in toto above, reveals clearly that not only did he not prove any acts of negligence on the part of the defendant but that the record is barren of any proof that he himself was free of contributory negligence. The testimony of the tow-car driver added nothing to the plaintiff’s testimony in this regard. If it were merely that the verdict allowing plaintiff a recovery were against the weight of the credible evidence, an order setting it aside and ordering a new trial would be a proper exercise of discretion (Blum v. Fresh Grown Preserve Corp., 292 N. Y. 241), but where even an inference of defendant’s negligence, or of plaintiff’s freedom from contributory negligence, cannot be drawn from the proof in the record, a pure question of law is presented calling upon the trial court not only to set such a verdict aside but also to dismiss the complaint. Said the court in the Blum case (supra, p. 245):
*124 ‘ ‘ Where the court, in the exercise of its discretion, sets aside a verdict of the jury because the court is of the opinion that in weighing the evidence the jury has not appraised correctly its relative persuasiveness and probative force, a new trial must follow. (Imbrey v. Prudential Insurance Co., 286 N. Y. 434.) ‘ Where conflicting inferences may not unreasonably be drawn ’ it cannot be said that solely a question of law is presented for decision by the court (Matter of Case, 214 N. Y. 199, 203); but an inference is ‘ unreasonably drawn ’ unless supported by sufficient evidence. Thus, the question whether a verdict of a jury is ‘ unsupported by sufficient evidence ’ is always one of law for the Trial Judge. He must set aside such a verdict and in appropriate case he may then direct a contrary verdict. (Getty v. Williams Silver Co., 221 N. Y. 34.) The court is justified in directing a verdict in such case not because it would have authority to set aside an opposite one, but because there was an actual defect of proof, and, hence, as a matter of law, the party was not entitled to recover.’ (McDonald v. Metropolitan St. Ry. Co., 167 N. Y. 66, 70.)
“ The courts below have not mistaken their power. They have found that by no rational process could the trier of the facts base a finding in favor of the defendant upon the evidence here presented. This court has frequently pointed out that ‘ insufficient evidence is, in the eye of the law, no evidence. ’ In Matter of Case (supra, p. 204, opinion by Cardozo, J.), it reiterated that rule and added: ‘ In the words of Mauls, J., in Jewell v. Parr (13 C. B. 916), When we say that there is no evidence to go to a jury, we do not mean that there is literally none, but that there is none that ought reasonably to satisfy a jury that the fact sought to be proved is established.’ ”
In this case there is literally no evidence which ought to satisfy the jury that the defendant was negligent or that the plaintiff himself was free from fault. Hence, not only must the plaintiff lose his recovery but his complaint must, as a matter of law, be dismissed.
The motion of the defendant is granted in its entirety; the verdict in favor of the plaintiff is set aside and his complaint is dismissed; the verdict against the defendant on his counterclaim is set aside and a new trial is ordered, limited to that counterclaim. The case, as limited, is set down for retrial for the 16th day of September, 1957. The attorney for the defendant is directed to serve a copy of the order entered hereon on the attorney for the plaintiff and on the calendar clerk before the 13th day of August, 1957.