J. Irwih Shapiro, J.
The jury in this case unanimously found for the defendant. Upon the rendition of the verdict the learned counsel for the plaintiffs moved to set it aside upon two grounds which will hereafter be fully discussed.
The injured plaintiff in this case was a lawyer. She was seriously hurt while descending the steps in defendant’s Community Center. The staircase consisted of three separate sections with a landing at the foot of each section.
Upon the trial she testified unequivocally and with great definiteness that she fell from the last step of the third section of the staircase by reason of its being uncarpeted. In addition she produced other proof tending to establish that the accident happened on the last step of the third section and that it was that lone step that was uncarpeted.
The defendant contended that the only step which was uncarpeted was the last step of the second landing and that, therefore, when the plaintiff fell from the last step of the third landing, as she contended, she could not have fallen by reason of the absence of any carpeting upon that step, and that, therefore, the jury should find in its favor.
Thus, the question of which step of the three sections of the stairway was left uncarpeted became a vital issue in this case.
In my charge to the jury I set forth the plaintiff’s position in the following manner: ‘ e The plaintiff says that the defendant was negligent; that it failed to use care and caution; that it did not act as the reasonable owner of such a building would act because while there were twenty-one steps, twenty were covered with carpeting and one, at the very bottom, the last one, was completely uncovered, and that it meshed in color and design with the landing below so that when you came down to that step you thought you were on the landing and instead of stepping down further, you continued to go ahead straight and that as a result of that, she says, she fell.”
*126 At the conclusion of the court’s charge the defendant said: £ 11 ask the Court to charge that if the jury finds that the only uncarpeted step was the last step prior to the second landing they must find for the defendant. ’ ’
I so charged and added:
£ £ I have already told you that she must prove her case by a fair preponderance of the credible evidence. Her story and her contention and the direction of her proof is to the effect that she fell on the third step of the last landing. If the accident happened in any other way but that, she may not recover.
££ mb. bothbabd : Your Honor inadvertently said the third step.
“the court: The last step of the third landing.
“ mb. bothbabd: Yes, that’s right.”
When the jury returned its unanimous verdict in favor of the defendant, the plaintiffs made the usual motion to set aside the verdict upon all the grounds set forth in section 549 of the Civil Practice Act and ‘£ more particularly upon the ground that I do believe that error was committed in the ruling of the Court that there must be a verdict for the defendant if the jury finds that the plaintiff was injured at a location on the stairway other than the place which she alleged and I submit that it would have been more proper to charge the jury that if she were injured on this stairway, whether at the foot of the second section or the foot of the third section, provided that the plaintiff was injured by reason of the negligent condition of that stairway and through the negligence of the defendant and without any negligence on her part.”
After some colloquy the plaintiffs ’ counsel made his contention more specific by saying: “I think the plaintiff was entitled to a charge that if no matter where she fell on that stairway, if the jury found that she was injured by reason of the negligence of the defendant in creating or maintaining or permitting an unsafe condition to exist and she herself was not at fault, that she would be entitled to a verdict, whether it was three steps from the top or eight steps from the top or at the bottom of one section or the bottom of another.”
I then answered that contention by saying:
“ You have made your position clear. In the first place, before I charged the jury you will recall that I said, Gentlemen, be prepared for a charge in which I will tell the jury that if this lady fell on the second section she may not recover.
“ While I didn’t put it that brutally and frankly to the jury, the net effect of it was the same. You took no exception to it. If you had, I still would have adhered to it because I think it is the right charge.”
*127 That principal alleged error so strongly urged upon the coming in of the verdict has not been mentioned either in plaintiffs’ original or in their reply memorandum. It has thus apparently been abandoned as a ground for the overthrowing of the verdict. Presumably, plaintiffs’ counsel has come around to the view stated by me at the time of the trial that *1 it is the right charge. ’ ’ It could hardly be otherwise. Certainly plaintiff could not recover a verdict for having fallen by reason of a defective condition of the last step on the second section of the staircase when she vigorously disclaimed having fallen from that step. Secundum allegata et probata, under such circumstances, is still the rule that should be followed. (79 C. J. S., p. 939.)
This claim of error, alleged upon the trial, and now apparently abandoned, therefore need be given no further consideration.
The second and only other point urged upon the trial for the setting aside of the verdict was the court’s ruling upon plaintiffs ’ request that: “ In view of the statement by counsel to the jury during summation having to do with the failure to call Judge Kaplan as a witness, I respectfully ask your Honor to state to the jury that he was available to both sides and no inference may be drawn against the plaintiff for any failure to call him as a witness.”
That part of the request which asked that the jury be told “ that he [Judge Kaplan] was available to both sides ” was to all intents and purposes granted when the jury were told that “ judges are subject to subpoena * * # by both sides * * * or by either side.” The balance of the request was that1 ‘ no inferences may be drawn against the plaintiff for any failure to call him [Judge Kaplan] as a witness.” I think that the refusal to charge on the subject of Judge Kaplan’s absence as a witness not only did plaintiffs no harm but was beneficial to them.
During the opening of plaintiffs’ counsel he made it known that plaintiff and her husband, the other plaintiff, had been accompanied to the defendant’s Community Center by Judge Kaplan; that they had met him at his home and driven him to the meeting place, and that while plaintiff’s husband was parking his car, she and Judge Kaplan descended the steps alongside of each other and that Judge Kaplan was at her side when she fell. Her proof was to the same effect.
Thus plaintiff sought to buttress the credibility of her contention as to the place of her fall by continual reference in her opening and through her testimony to her acquaintanceship *128 with Judge Kaplan. It was therefore but natural to query why Judge Kaplan had not been called as a witness by the plaintiffs.
As the court said in Laffin v. Ryan (4 A D 2d 21, 25): “ The natural inference is that the witness was not called because he could not truthfully have contradicted the evidence offered by the other party. ’ ’
Under such circumstances, if I had acceded to the request to charge on the subject of Judge Kaplan’s absence, I would, in the framework of this case, have been compelled to charge the jury that “ where an adversary withholds evidence in his possession or control that would be likely to support his version of the ease, the strongest inferences may be drawn against him which the opposing evidence in the record permits ”. (Noce v. Kaufman, 2 N Y 2d 347, 353.)
In Group v. Szenher (260 App. Div. 308, affd. 284 N. Y. 741), the court went much further and told the jury in his charge that “ since the defendant has failed to call his two daughters who were in the car at the time of the accident and their absence at this trial is unexplained, the jury is permitted to consider that, if called, their testimony would not be favorable to this defendant.” In upholding that charge the court distinguished the case then before it from Milio v. Railway Motor Trucking Co. (257 App. Div. 640) decided by it the year before, in which it was held error to charge that “ if a party has within its control a witness and that party fails to call that witness, the jury may infer, although they are not bound to do so, that the testimony of that witness would have been unfavorable to the party failing to call him ’ ’ because ‘ ‘ the jury have no right to indulge in any speculation with respect to what the witness, if called, would have testified to.”
The distinction apparently drawn by the court between the two cases was the fact that in one, the Milio case, the defendant rested at the close of plaintiff’s case and called no witnesses, in which circumstance the jury could not be instructed that since the defendants have not called witnesses it may be inferred ‘ ‘ that the nonexistent testimony would have been unfavorable to defendant ” because “ Regardless of plaintiff’s difficulties he must prove his own case ”, whereas in the Group case witnesses were called by both sides. (Laffin v. Ryan, 4 A D 2d 21, 25, supra.)
Whether the distinction thus made is sound may be left for determination in an appropriate case, but it is obvious, from what has been said, whichever view is taken, that by my refusal to charge on the subject of absent witnesses, except to note that a *129 Judge may be subpoenaed, the plaintiffs received an instruction more beneficial than they were entitled to receive.
It should be noted that though the cases speak of witnesses under one’s control who are not called, the rule is not limited to a relative or an employee but also embraces 1 ‘ a witness * * * on such terms with him [the party] as to indicate friendliness ” (Perlman v. Shanck, 192 App. Div. 179, 183) and who would ordinarily be called by the party who failed to call him. (2 Wigmore, Evidence [3d ed.], § 285, p. 162.) Here, so far as the record discloses, the witness’ presence at the precise time and place of the fall was known to the plaintiffs, but not to the defendant. Nonproduction of such a witness who would in the natural course of events have been called by an honest and therefore fearless party warrants the application of the rule. If it had been charged in this case it could only have harmed, not helped, the plaintiffs. They are therefore not in a position to complain about the court’s failure to charge on that subject.
Thus, the only two grounds [one now apparently abandoned] specifically urged upon the coming in of the jury’s verdict for setting it aside are without merit.
The plaintiffs in their memorandum now urge other grounds for the setting aside of the verdict, all of them new and none of them having been urged or even intimated at the trial.
The instances mentioned in the memorandum consist of trivia — alleged erroneous contentions made during summation — such as frequently occur in the heat of advocacy and which may or may not be borne out by a close and exacting scrutiny of the record. The best indication that they were not regarded as important at the time they were uttered is that plaintiffs’ able counsel took no objection or exception thereto.
In Hey v. Huss (7 Misc 2d 119, mod. on other grounds 16 Misc 2d 672) in setting aside the verdict, I held (p. 122): “ A verdict obtained by injecting foreign and extraneous issues into a case which divert the attention of the jury from the facts which it should consider into channels of speculation and conjecture, is a reproach to the administration of justice. To permit such a verdict to stand would make the trial court a party to the improper tactics here used.”
If there were such conduct in this case I would have no hesitancy in setting the verdict aside; indeed I would be obliged to do so. (Kohlmann v. City of New York, 8 A D 2d 598; Bassi v. City of New York, 7 A D 2d 713; Cherry Creek Nat. Bank v. Fidelity & Cas. Co., 207 App. Div. 787.)
If I had been sitting in this case as a trier of the facts I would have found for the plaintiffs. My disagreement with the verdict, *130 however, is merely one of drawing different conclusions from the proof than that which was drawn by the jury. It may not be said, upon this record, that there was no rational basis for the jury’s verdict in favor of the defendant. As the court said in the oft-cited case of Mieuli v. New York & Queens County Ry. Co. (136 App. Div. 373, 375): “ Two principles of law control the question presented by this contention: First, in this class of cases a verdict for the defendant rests upon a different basis than does one for the plaintiff. To warrant a verdict for the latter the jury must find the defendant’s liability established by a preponderance of evidence, but in finding for the defendant they determine that the plaintiff has failed to sustain the burden of establishing his case by a preponderance of proof, and where a verdict is for the defendant the court is not justified in setting it aside as against the weight of evidence unless it can be plainly seen that the preponderance in favor of the plaintiff is so great that the jury could not have reached the conclusion they did upon any fair interpretation of the evidence. (Jarchcver v. Dry Dock, E. B. & B. R. R. Co., 54 App. Div. 238, 239.) Second, when the right to a verdict depends upon the credibility to be accorded witnesses and the testimony is not incredible or insufficient as matter of law the question of fact is for the jury and their finding is conclusive. (Fealey v. Bull, 163 N. Y. 397; Sawalsky v. Pennsylvania R. R. Co., 39 App. Div. 661; Franklin Coal Co. v. Hicks, 46 id. 441; Dowling v. Brooklyn Heights R. R. Co., 107 id. 312.)”
Under such circumstances to set aside the verdict in favor of the defendant in this case would be an improvident and improper exercise of discretion. (Solkey v. Bever, 238 App. Div. 809; Scheuerman v. Knapp Coal Co., 238 App. Div. 874.)
The motion of the plaintiffs to set aside the verdict is, therefore, in all respects denied. As a consequence the defendant’s third-party complaint against the third-party defendant is dismissed. The fourth-party complaint was dismissed on the merits during the trial.