SECOND DEPARTMENT, DECEMBER, 1974

(December 2, 1974)

■ ROBERT ADELMAN et al., Plaintiffs, and PAUL GOLDSTEIN, Respondent-Appellant, v. CITY OF NEW YORK et al., Appellants-Respondents.— In an action to recover damages for false arrest, negligence, assault and battery, and malicious prosecution, in which the trial court set aside a jury verdict in favor of defendants against plaintiff Goldstein as to the second cause of action, sounding in negligence, defendants appeal from an order of the Supreme Court, Kings County, entered April 23, 1973, which severed said cause from all the other causes of action and set it down for retrial. Defendants' appeal brings up for review a further order of the same court, dated June 7, 1973, which resettled the above-mentioned order (CPLR 5517). Plaintiff Goldstein cross-appeals from a judgment of the same court, entered June 20, 1973, against him and in favor of defendant City of New York upon all his causes of action other than the second. Appeal from the order of April 23, 1973 dismissed as academic, without costs. That order was superseded by the order made on resettlement. Order of June 7, 1973 reversed, without costs, plaintiff Goldstein's motion to set aside the verdict on his second cause of action denied and said verdict reinstated; and judgment affirmed, without costs. In our opinion the verdict in question was improperly set aside. The jury could fairly have found that plaintiff Goldstein had precipitated the struggle in which the gun, not being completely under the control of Police Officer McLees, was accidentally discharged. The jury could have refused to infer that McLees had been negligent or that Goldstein had been free from contributory negligence. "A verdict in favor of a defendant should not be set aside as against the weight of the credible evidence unless the preponderance in favor of the plaintiff was so great that the finding in favor of the defendant could not have been reached upon any fair interpretation of the evidence (*Mieuli* v. *New York & Queens County Ry. Co.*, 136 App. Div. 373, 375; *Holpp* v. *Carafa*, 8 A D 2d 617)." (*Olsen* v. *Chase Manhattan Bank*, 10 A D 2d 539, 544, affd. 9 N Y

2d 829.) Shapiro, Acting P. J., Cohalan, Christ, Brennan and Benjamin, JJ., concur.